## SUCCESSION OF SARGENT PRATT.

At the decease of husband or wife, all the property possessed by them is presumed to be community property until the contrary is shown.

If the surviving wife expresses her willingness to pay all the debts, and no creditors desire it, an administration on the husband's estate, so far as it concerns the community, is unnecessary.

When it is not alleged or shown that any part of the estate was the separate property of the husband, the surviving wife has the right to be put in possession of all the property left by him, on complying with the obligations of the usufructuary, as explained in the Civil Code. Her usufruct of the share of her deceased husband commences from the moment of his death.

The heirs of the husband should be protected against the debts of the estate by requiring the wife to advance the money to pay them, or procure the release of the heirs from all liability for them.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Durant & Hornor* and *W. H. Paxton*, for opponent and appellant. *P. E. Bonford*, for administratrix. *R. W. Gurley*, for absent heirs.

COLE, J. *Aphra Pratt*, sister of the deceased *Sargent Pratt*, petitioned to be appointed administratrix of the estate of her said brother, which is valued in the inventory at $23,757 25.

An opposition was filed to her appointment by *Ann O'Brien Pratt*, on the ground that she was surviving widow in community of said *Sargent Pratt ;* that he died intestate, left neither ascendants nor descendants ; that his property was entirely community property ; that she is entitled to one half of her husband's property in full ownership, and to the usufruct of the remaining half ; that the succession owes no debts, and that she is willing to accept his succession unconditionally.

The attorney of absent heirs joined issue, demanding proof of the widow's marriage.

Judgment was rendered against her on account of the exclusion of important legal testimony ; it was reversed by this court, and the cause was remanded for further proceedings.

At the second trial, an immense amount of testimony was introduced to establish her *status* as widow of said *Sargent Pratt*.

We are of opinion that it is satisfactorily proved that she was his wife : her *status* as wife was recognized by *Sargent Pratt* in every possible way, up to the period of his decease ; their marriage was also proved.

We think there is no necessity for the appointment of an administrator to the estate.

It would only be needlessly creating expenses for the succession to appoint an administrator, when no creditor desires it, so far as the record shows ; when the debts are not heavy, and the widow expresses her willingness to pay them.

There was a large amount of testimony offered to show that the property of the estate, or a large part thereof, is community property. We consider that the pleadings did not justify the introduction of such testimony, and that it cannot be considered in the issues made up by the parties.

It is true that opponent alleged in her opposition that the property of her husband's estate is community property, but the answer of the attorney of absent heirs was a general denial, and only required special proof of the marriage.

If the heirs claimed the whole or any part of the estate as the separate property of the deceased, it was their duty to have alleged it.

We suppose, then, that it was the intention of the parties not to have in the present suit the character of the property determined, but to have two points decided, to wit:

Whether *Aphra Pratt* is entitled to the administratorship, and if she is not, whether opponent has the right to be put in possession of the estate.

The first point has been already decided in the negative; the second point must be given in favor of opponent for the following reasons:

The Act of the Legislature, approved March 25th, 1844, enacts: "That in all cases hereafter, when either husband or wife shall die, leaving no ascendants or descendants, and without having disposed by last will and testament of his or her share in the community property, such share shall be held by the survivor in *usufruct* during his or her natural life."

Two questions now arise: first, what part of the estate is community property, and secondly, when does the usufruct commence?

As to the first point, we would remark that the law presumes the whole estate is community property, until the contrary is proved. In this case, no proper pleadings were made so as to decide against the presumption of law.

As to the second point, we are of opinion that the usufruct commences from the moment of the decease of the husband or wife, for as the surviving partner is entitled to the usufruct of the share of his spouse in the community property, and as the title of that share vests directly after the death of the spouse in his heirs, the right to the usufruct begins at the same moment that the title of the property attaches to the heirs; otherwise there would be property without any one being entitled to the usufruct, for by the Act of 1844, the heirs in the cases contemplated by that law are divested of the usufruct, and if the surviving partner did not have the right to the usufruct of the property at the moment of the decease of her spouse, then there would be no one who could claim it.

We are then of opinion that opponent is entitled to be put in possession of the effects of the succession of her husband, on complying with the obligations of the usufructuary, as explained in the Civil Code.

We do not think it necessary to put the parties to unnecessary expense and trouble in remanding the cause to have a new inventory made.

There has been no question raised as to the necessity of a new one, and the old one appears to be a reasonable basis for the security to be given, inasmuch as Art. 552 C. C. directs that the security shall be estimated according to the inventory, and such further sum as shall be fixed by the Judge, according to the nature of the real property subject to the usufruct, to answer for the damages which the usufructuary, or those for whom he is responsible, may commit thereon.

It appears to us that no injury can be suffered by the heirs by our views, for <span style="float:right">SUCCESSION OF<br>PRATT.</span> they can bring a direct action against the widow for that part of the property which did not belong to the community.

We will also protect the heirs against the debts of the estate, by obliging the widow to either advance a sufficient sum to pay the debts of the deceased, or to furnish, as she avers she can, the consent of the creditors that she shall assume and furnish security for the payment of the debts due to them; this assumption must also be accompanied with a release of the heirs from all liability.

In order to prevent future difficulty, we would observe that the security should only be exacted for the debts of those creditors who may have presented themselves previous to the application of the widow to furnish the security, the release and assumption, or to advance a sufficient sum to pay the debts.

It is, therefore, ordered, adjudged and decreed that the part of the judgment which maintains the opposition of *Ann O'Brien Pratt* so far as to have her recognized as the surviving widow of *Sargent Pratt*, be affirmed; and it is further ordered, adjudged and decreed, that the rest of the judgment be avoided and reversed; and it is further ordered, adjudged and decreed, that the application of *Aphra Pratt* to be appointed administratrix be rejected; that *Ann O'Brien Pratt*, the surviving widow, be put into possession of the estate of her deceased husband, *Sargent Pratt*, by the lower court, after she shall have given good security, conditioned according to the obligations of the usufructuary in Art. 551 of the Civil Code, in an amount equal to one-half of the estimated value of the movables and slaves of the estate of said *Sargent Pratt*, according to the inventory of said estate made on the thirteenth day of September, of the year eighteen hundred and fifty-five, and according to any supplemental inventory of such estate, if any such has been already made; and after the said widow shall have given security in such further sum as shall be fixed by the Judge of the lower court, according to Art. 552 of the Civil Code, unless said widow prefers giving a special mortgage, as provided by Art. 555 of the Civil Code; and after the said widow *Pratt* shall have advanced a sufficient sum to pay the debts of her deceased husband's estate or furnished the consent of the creditors of said estate, that she shall assume and furnish security for the payment of the debts due to them; this assumption must be accompanied with a release of the heirs from all responsibility for said debts; the said widow is only to guaranty, as aforesaid, the rights of such creditors who may have presented themselves previous to the application of said widow to furnish security, as aforesaid, for the benefit of the creditors of said estate, reserving the rights of the heirs to sue for the separate estate of said *Sargent Pratt*.

It is further ordered, adjudged and decreed, that said *Aphra Pratt* pay the costs in the lower court, of her application to be administratrix of said estate and of the opposition of *Ann O'Brien Pratt*, and also the costs of appeal.

Vide: Act of 1844, p. 99; *Succession of Fitzwilliam*, 3 An. 489; *Succession of Bringier*, 4 An. 389.