DORÉ, Judge.
The plaintiff is a banking corporation-organized under the laws of the United States, with its domicile, and doing business, in the City of Baton Rouge. The defendant is a fire insurance company organized under the laws of the State of Ohio,, having its domicile in Van Wert, Ohio, but authorized to do, and doing business, in the State of Louisiana, with John B. Galloway, doing business as Mutual Insurance Agency, in the City of Baton Rouge, as its. duly authorized agent. The insurance company supplied Galloway with the necessary forms and he had the agent’s usual and customary authority to issue policies on behalf of the company and to collect the premiums for such policies.
Quite frequently it was necessary or desirable for the assured to borrow a portion of the premium. The bank engaged in loaning money to individual assureds to pay the company the balance of the premium which the assured did not care or was unable to pay upon delivery of the policy. In such cases, the premiums were financed pursuant to a printed form or agreement supplied by the bank to the assured and the insurance agent, in this case, to Galloway. In the form or agreement, the assured acknowledged that he had received the described policy; that the bank had paid the premium on 'his behalf; and the assured agreed to repay the bank according to a schedule set forth in the form or agree *669 ment. To secure his undertaking, the assured assigned to the hank all sums that might 'become due to him as return premium. The assured further agreed that if he failed to make the instalment payments, the bank was authorized to cause the policy to be cancelled and to notify the insurance company, or its agents, of such cancellation so that the return premium should become available to the bank. Attached to the form or agreement was an agent’s certificate to the effect that the policy or policies listed on the reverse side of the form or agreement were bona fide policies issued in good faith, that they were in full force and effect, and that endorsement giving notice of the financing agreement had been put on each copy of the policy or policies listed. The agent acknowledged notice of the assignment of the said policies to the bank, agreed to immediately cancel the policy or policies and assist it in obtaining the return (unearned) premiums in the event the assured failed to meet his obligation to the bank.
In this suit, the plaintiff bank seeks to recover from the defendant insurance company, the sum of $1,728.20, with interest at the rate of 4% per annum on $444.45 thereof from May 8, 1949, on $439.30 thereof from March 11, 1949, on $533.34 from February 10, 1949, and on $311.11 from May 31, 1949, until paid and costs on the following allegations:
(a)That the said Galloway certified to the plaintiff bank that he had issued Policy No. OC315047 of said defendant company to one David T. Caldwell on May 8, 1948 at a premium of $592.59, and on May 10, 1948,- the said Caldwell executed a document addressed to it (a form or agreement heretofore described), which it accepted upon the said Galloway’s certificate, and pursuant to which, it advanced funds for the payment of said premium; that it promptly notified said insurance company of the assignment by letter dated May 18, 1948, which notice of assignment was acknowledged by the said insurance company ; that on May 8, 1949, it sought to exercise its rights under the assignment aforesaid by proper notice to the defendant, at which time the return premium due on said policy amounted to $444.45, but that defendant refused to make said payment.
(b) 1 That Galloway certified to it that he had issued Policy No. OC315011 of said company to one Owen PI. Strickland on March 11, 1948, at a premium of $585.75, and on March 13, 1948, said Strickland executed one of the forms or agreements heretofore described, and which it accepted upon Galloway’s certificate and pursuant to which it advanced funds for the payment of said premium; that on March 22, 1948, it promptly notified the said insurance company of the assignment, which notice of assignment was duly acknowledged by the said insurance company; that on March 11, 1949, it sought to exercise its rights under the assignment by proper notice to said defendant, at which time the return (unearned) premium due on the policy amounted to $439.30, but that defendant has refused to make said payment.
(c) That Galloway certified to it that he had issued Policy No. OC315010 of said defendant company to one D. V. Kelly on February 10, 1948, at a premium of $711.-12, and oh February 11, 1948, said Kelly executed one of the forms or agreements heretofore described, which it accepted upon said Galloway’s certificate and pursuant to which it advanced funds for the payment of said premium; that on February 17, 1948, it promptly notified defendant of the assignment, which notice of assignment was duly acknowledged by said defendant; that on February 10, 1949, it sought to exercise its rights under said assignment by proper notice to said defendant, at which time the return (unearned) premium due on said policy amounted to $533.34, but to no avail.
(d) That the said Galloway certified to it that he had issued Policy No. OC316310 of said defendant company to Sam Coving-ton on May 31, 1948, at a premium of $414,-81, and on June 1, 1948, said Covington executed one of its forms or agreements, which it accepted upon said Galloway’s certificate and pursuant to which it advanced funds for the payment of said premium; that on June 10, 1948, it promptly notified defendant company of its assignment, *670 which notice of assignment was duly acknowledged by said defendant; that on May 31, 1949, it sought to exercise its rights under said assignment by proper notice to said defendant, at which time the return (unearned) premium due, on said policy amounted to $311.11, but the said defendant has refused to make said payment.
It alleges that the said defendant takes the position that the said four policies wer.e never issued, that the finance contracts above set forth were fraudulently issued by its agent and hence, • denies the alleged obligation.
It further alleges that having advanced its money on the strength of defendant’s agent’s certifications, and having given the defendant’s acknowledgment of each such notice as if the transactions'were entirely regular and bona fide and allowing it to.rely upon such acknowledgment for many months, the defendant is now estopped to assert that the policies were not issued, even if that be the fact.
The defendant filed exceptions of no right and no cause of action, which exceptions, by consent of counsel, were referred to the merits. The answer of the defendant is in the nature of a general denial, save and except that it admits having received the notifications of assignment, and its refusal to comply with plaintiff’s demands, averring that there was no obliga- . tion, moral nor legal to comply with plaintiff’s demands for the reason that the alleged policies for which refunds were demanded were never issued. It further averred that Galloway was not acting within the scope of his employment in executing the several certificates relied upon by .plaintiff. In the alternative, defendant avers that in the event it be cast, then it requests judgment in its favor and against the said Galloway and David J. Caldwell, ■in solido, Galloway and Owen H. Strickland, in solido, Galloway and D. V. Kelly, in solido, and Galloway and Sam Coving-ton, in solido, for whatever sum it may be cast, as primary parties and obligors by virtue of the finance contracts, the basis of the suit. It further avers that these parties are necessary parties to this- proceeding and calls them in warranty.
Sam Covington interposed exceptions of no right and of no cause of action as against the call in warranty. John B. Galloway, David J. Caldwell, Owen H. Strickland and D. V. Kelly, each interposed exceptions of misjoinder of parties defendant and of no cause or right of action as against the call in warranty. The exceptions' of no right or of no cause -of action on behalf of Galloway, Covington, Caldwell, Strickland and Kelly were sustained and the calls in warranty were dismissed.
On the trial of the merits, there was judgment for the plaintiff and against the defendant as prayed for. Defendant has appealed from both judgments.
In this Court, defendant has filed exceptions of no cause and of no right of action, and in addition,.it has filed a plea of prescription of one year.
At this moment, we deem it proper to state that while defendant appealed from the judgment dismissing the several calls in warranty, yet neither in oral argument nor in brief, does it set out or point to any error committed by the trial judge in sustaining the exceptions of no' right or of no cause of action. We consider the appeal as abandoned and see no necessity of discussing the merits or demerits of the judgment dismissing the call in warranty.
As to the exceptions of no cause and of no right of action filed in this Court by defendant, we find no merit in them in that taking the allegations as proven, the plaintiff has clearly set forth a cause and á right of action. The exceptions go to the merit of the case and will be so treated.
On Plea of Prescription.
It is the contention of defendant that the action of plaintiff is based on an offense or quasi-offense and that since the acts complained of occurred on May 10, March 11, February' 10 and May 31, 1948, and this suit was not filed until October 8, 1949, more than one year after the happening of each occurrence, the action is prescribed *671 by the prescription of one year, Civil Code Article 3536.
Admitting for mere sake of argument, that the action is 'based on fraud, a quasi-offense, and that Article 3536 applies, yet the record shows that the plaintiff did not, nor did the defendant, discover that the fraud, that is, the lack of issuing the policies by Galloway, had been practiced on it until January 5, 1949. Furthermore, it was not until February, March, May and June, 1949, that defendant refused payment. The plea of prescription is manifestly untenable under these facts, for it is now well established, in a case af this kind, that the prescriptive period begins to ran from the day the fraud is discovered. The suit was filed on October 8, 1949, well within the year.