TALIAFERRO, Judge.
Plaintiffs, George Moses and his wife, Myra Moses, appealed from judgment that sustained exceptions of no cause and no right of action, and dismissed their suit, insofar as concerns the exceptor, Metropolitan Casualty Insurance Company of New York. Plaintiffs appealed.
In the petition plaintiffs allege that for several years they leased from D. S. Williams, and occupied, an apartment of a building owned by him in the City of Natchitoches, Louisiana; that said apartment was located on the second floor of the building, access to which from the ground floor was up a steep stairway; that said D. S. Williams and his wife also occupied an apartment in said building, the latter being “in charge of the apartments” for the time plaintiffs were tenants therein; that said stairway was available to and was used by all tenants; that it was “exceedingly dark” and to enable all persons to safely use the same, said Williams and his wife had installed above it an electric light which was controlled by switches at the top and bottom thereof; that when plaintiffs leased the apartment it was understood and agreed that said light would be available to them without additional charges. Plaintiffs further allege:
“That on the night of September 23, 1949, at about the hour of 9 o’clock p. m., your petitioner, Myra Moses, started to leave her apartment on the second floor of said building and descend the stairway to the ground floor.
“That when she reached the head of said stairway, she switched on the light, which illuminated the said stairway and started descending the stairs.
“They now show that Mrs. D. S. Williams is interested in amateur photography and has equipment for the development of kodak films, and that on the night and at the hour in question she was located in a bathroom on the ground floor of said building in the act of developing some films.
“That the bathroom in which the said' Mrs. D. S. Williams was developing the films is situated at or very near the foot of the flight of stairs being descended by your petitioner, Mrs. Myra Moses.
“They now show that one of the apartments in said building was being occupied at that time by Mr. and Mrs. W. J. Serva-tius, and that Mrs. W. J. Servatius, at the time, was seated in the building near the foot of the said stairway.
“They now show that when the said Mrs. D. S. Williams went into the bathroom for the purpose of developing her films, she instructed Mrs. W. J. Servatius to turn any light off that might be turned on in said building.
“They now show that after Mrs. Myra Moses had descended on about the third step of the stairway, Mrs. W. J. Servatius, acting upon the request and under the instructions of Mrs. D. S. Williams, the owner of the building, very quickly, suddenly and without any warning to your petitioner, Mrs. Myra Moses, switched the light off that she had just turned on for the purpose of illuminating the stairway for her to descend to the ground floor of the building.
“They now show that this said stairway is very steep and that the steps are very narrow and that immediately when the light was turned out by Mrs. W. J. Servatius, the stairway was thrown into' complete darkness, which caused your petitioner, Mrs. Myra Moses, to step too' far on the next step which she took after the light was turned out and caused her to fall on said stairway.
*832 “They now show that when your petitioner, Mrs. Myra Moses, overstepped the step on the stairway, it caused her to twist and strain and sprain her left ankle and foot.”
It is also alleged that Mrs. Moses is forty-eight years old, and “is a large woman.”
This suit to recover damages was instituted against D. S. Williams, his wife and his insurer, Metropolitan Casualty Insurance Company of New York.
The insurance policy issued to Williams by said company, pursuant to prayer for oyer, was produced and filed, following which, said exceptions were interposed by the insurer.
In the policy the insurer bound itself to pay “all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, * * * because of bodily injury, sickness or disease * * * sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined.
“Definition of Hazards.
“Division 1. Premises — Operations.
“The ownership, maintenance or use, for the purposes stated in the declarations, of the premises, and all operations which are necessary or incidental to such purposes.”
It is stated in the declarations attached to the policy that the property described therein, being that under discussion, would be used as an apartment house.
It is said by counsel of the appellee that the exceptions are based upon two contentions: (1) That the contract of insurance does not provide “coverage for losses arising as the result of acts of negligence committed by the insured while the insured is engaged in the pursuit of an activity that is not necessary or incidental to the ownership, maintenance or use of the insured premises as an apartment house”; (2) that the policy was issued to Mr. D. S. Williams only, and that his wife is not an assured thereunder, and he is not responsible for the alleged negligent act of his wife committed while she was in the pursuit of her own personal business.
To these defenses the plaintiffs simply argue that the accident to Mrs. Moses occurred while she was in the act of using the stairway; that it occurred because of the negligence of Mrs. Williams, the wife of the lessee, who was also his agent in operating the apartments.
Enlarging upon this position, they argue that Mrs. Moses, a lessee, had a perfect right to descend the stairway; in fact, so far as the record now discloses, this was the only means available to her to get to the lower floor; and that while in the act of doing that which she had the unchallenged right to do, her purpose was frustrated, to her injury, by the negligence of the wife and agent of the landlord.
It is true, as contended, that the pastime of developing pictures, the alleged hobby of Mrs. Williams, was wholly foreign to the maintenance and use of the apartment house. It surely was not “necessary or incidental” to the operation of the apartments. It was a matter, so far as disclosed, in which she alone was interested, her husband and/or the community not having any personal or pecuniary interest therein. It was to promote this personal and exclusive concern of Mrs. Williams that she directed that the lights be turned out. Darkness was indispensable to the successful developing of the films.
It must be borne in mind that the insurer, under the unambiguous conditions of the policy, incurred no liability thereunder unless and until, in a given case, it be found that the insured was also liable; and since Mrs. Williams in developing the films was not acting as the agent of her husband in the operation and use of the apartment house, nor for the benefit of the community of acquets and gains between them, we are unable to perceive of any valid theory under the law and the contract by which the insurer can be held liable for the results of the accident.
The mere fact of injury to a tenant, while using the building or some part of *833 it, does not necessarily superinduce liability on the part of the landlord and this non-liability is passed on to the insurer. A tenant’s contributory negligence may bar recovery by him from the landlord, although he was using the building when injury from accident occurred. The insurer, of course, would profit from such a defense. Again, a tenant may suffer injury from assault by a stranger while using a bathroom or toilet of a hotel or apartment, and the landlord not be responsible under the laws of the State.
It should not be overlooked that this policy is not all-embracing. It was not intended to, nor does it, in fact, provide protection to all persons injured while using one of the insured’s apartments.
Appellee’s energetic counsel confesses inability, after studious research, to find a decision of any Court, controlling of the issue here tendered. We share the same experience. However, the facts, as declared upon, to us remove any doubt of the correctness of the Lower Court’s disposition of the exceptions. And, for the reasons herein assigned, the judgment from which appealed, is affirmed with costs.
KENNON, J., dissents, giving written reasons.