Therefore, I concur in the decree rendered on this rehearing.

59 So.2d 421

MOSES et al. v. METROPOLITAN CAS. INS. CO. OF NEW YORK.

No. 40324.

April 28, 1952.

Rehearing Denied June 2, 1952.

Russell E. Gahagan, Natchitoches, for plaintiffs.

Jackson, Mayer & Kennedy, Shreveport, for respondent.

HAMITER, Justice.

Plaintiffs, George Moses and his wife, Mrs. Myra Moses, instituted this suit against D. S. Williams, Mrs. D. S. Williams and the Metropolitan Casualty Insurance Company of New York to recover damages allegedly resulting from injuries sustained by Mrs. Moses when she fell on the stairway of an apartment building owned by Mr. Williams.

The district court sustained exceptions of no right and no cause of action tendered by the insurance company and dismissed the suit as against that defendant. Thereupon, plaintiffs appealed to the Court of Appeal, Second Circuit, and it, with one member thereof dissenting, affirmed the judgment. See 51 So.2d 830.

The matter is before us for review by virtue of the writ of certiorari issued on plaintiffs' application.

The pertinent facts to be considered, in passing upon the exceptions, are those disclosed by the allegations of the petition and by the contract of insurance contained in the record. Therefrom, we find that plaintiffs, on September 23, 1949 and for several years prior thereto, rented and lived in an upstairs apartment of a two-story apartment building owned by D. S. Williams and bearing No. 120 Amulet Street in the City

of Natchitoches; and that during such period Mrs. Williams was in charge of the apartments. For the benefit of the occupants of the several apartments, a common stairway connected the two floors. This stairway, steep and exceedingly dark, was illuminated by an electric light controlled by either of two switches located at the head and foot thereof. When the apartment was leased to plaintiffs by D. S. Williams and his wife it was understood and agreed that such light would be available to those tenants and to the other occupants of the building, and that the owner would pay the electric bill in connection with the lighting of the stairway, as well as the other electric bills.

On the night of September 23, 1949, about nine o' clock, Mrs. Moses left her apartment and began descending the stairway after illuminating it by switching on the light. While she was so proceeding a Mrs. W. J. Servatius, another occupant of the building who was seated near the foot of the stairway, suddenly and without any warning switched off the light, causing Mrs. Moses to fall. Mrs. Servatius so acted for the reason that Mrs. Williams, an amateur photographer, was then developing kodak films in a nearby bathroom and, when entering that room, had instructed her to turn off any light that might be turned on in the building.

As a result of her fall Mrs. Moses sustained injuries for which damages are sought in this suit. The exceptor, Metropolitan Casualty Insurance Company of New York, was impleaded as a defendant because of its insurance contract, dated April 10, 1949 and designated "Owners, Landlords and Tenants Schedule Liability Policy", existing with D. S. Williams. In the contract the insurer, to quote from the brief of its counsel, agreed with D. S. Williams " * * * to pay on his behalf all sums which he shall become obligated to pay by reason of the liability imposed upon him by law for damages sustained by any person caused by accident arising out of the ownership, maintenance or use of the premises situated at 104 Amulet Street, Natchitoches Louisiana, as an apartment house[,] and all operations which are necessary or incidental to the ownership, maintenance or use of said premises as an apartment house." (Brackets ours.)

Under its exceptions of no right and no cause of action, the insurer contends (1) that the policy, issued only to D. S. Williams, does not afford coverage for losses arising as the result of acts of negligence committed by the insured while engaged in the pursuit of any activity not necessary or incidental to the ownership, maintenance or use of the insured premises as an apartment house; and (2) that such insured is not responsible for the alleged negligent act of his wife committed while she was in the pursuit of her personal undertaking. And the insurer's counsel, in their brief, argue:

" * * * If the company is to be responsible under the terms of this con-

tract of insurance; then the Court must find that the negligent act which is the basis of plaintiffs' claims was committed in the performance of or in pursuit of something which was necessary or incidental to the maintenance or use of such premises as an apartment house. We respectfully submit that no such conclusion can be reached from the facts in the case at bar.

"The act of negligence upon which this action depends is the allegation that the electric light was turned out by Mrs. Servatius acting at the instance of and on behalf of Mrs. Williams who was engaged in the pursuit of a hobby of developing films as an amateur photographer. The development of film by Mrs. Williams as an amateur photographer had nothing whatsoever to do with the maintenance, use or ownership of these premises as an apartment building."

The mentioned negligence of Mrs. Williams, relating to her own personal undertaking, appears to us to be unimportant in determining the instant exceptions in view of certain factual allegations of the petition which the above contentions and argument overlook. As before shown, plaintiffs alleged that on leasing their apartment D. S. Williams, the owner, agreed that the light on the stairway would be available to them and that he would pay the electric bill in connection therewith. Further, they alleged that Mrs. Williams

was in charge of the apartments during the period in which they lived in the building. Consequently, when Mrs. Williams, the agent of D. S. Williams, caused an extinguishing of the light which was being used by Mrs. Moses there resulted a breach on the part of the building owner and insured of his agreement with plaintiff. Irrespective of the agent's motive in committing her act, the fact is that the owner, through such agent, actively denied to his tenants that which he had agreed to make available to them. A violation of his contract occurred thereby, the same as though he had personally acted with the intention of depriving them of the light. It was an active violation, the offending deed of his agent having been inconsistent with the contractual obligation (Civil Code Article 1931) ; and for the damages resulting therefrom the owner is liable (Civil Code Article 1930).

But the insurer insists that what was done by Mrs. Williams was not in connection with her duties as the apartment house manager and, hence, it is not liable under the provisions of the policy. Thus, its counsel say·

"Able counsel for the plaintiff has urged that Mrs. Williams was in charge of these apartments and that, therefore, whatever she did in connection with the leasing of or operating of said building would be. the responsibility of Mr. Williams. We certainly cannot oppose that contention and,

if the injury out of which the present suit arises was caused by something done by Mrs. Williams in connection with her activities as the apartment manager or agent, then clearly the accident would have arisen out of the ownership maintenance or use of the premises as an apartment house; but it is our position that Mrs. Williams at the time this accident occurred was not acting in the performance of or in connection with any operation, maintenance or use of the premises as an apartment house within the meaning and intent of the contract of insurance."

Under the contract the insurer agreed to pay on behalf of the insured the damages caused by accident arising out of the ownership, maintenance or use of the premises in question as an apartment house. The situation here, as we appreciate the allegations of the petition, is that the insured owner, through his agent, committed an act violative of his contractual obligation respecting the *maintenance* of the premises as an apartment building; and that out of the maintenance violation there arose an accident causing plaintiffs' damages. This being true, the insurance contract, in our opinion, affords coverage for the loss.

Therefore, we conclude that plaintiffs have alleged both a right and a cause of action against the exceptor, and that the latter's exceptions should have been overruled. Whether they can prove their factual allegations with legal certainty is a question to be determined on a trial of the merits.

For the reasons assigned the judgments of the district court and the Court of Appeal are reversed and set aside; the exceptions of no right and no cause of action are now overruled; and the case is remanded to the district court for further proceedings according to law. Appellee shall pay the costs of this appeal. All other costs shall await the final determination of the litigation.