199 So.2d 414 (1967)
Hayward BRADFORD, Jr.
v.
Eliza BROWN et al.
No. 7066.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
*415 Patsy Jo McDowell, of Kelton & Taylor, Baton Rouge, for appellant.
No appearance for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Plaintiff, Hayward Bradford, Jr., having been intentionally shot by defendant Eliza Brown, wife of defendant Anthony Brown and employee of respondent Leon O'Connor, instituted action in tort against all said defendants and takes this appeal from the judgment of the trial court rejecting and dismissing his claims against all parties save the actual tort-feasor. We find that the trial court has properly resolved all questions presented for determination in this matter.
Appellant's petition recites in substance that the assault took place in the establishment of O'Conner known as "The Blues Room" situated in the City of Baton Rouge. It is further asserted that defendant Eliza Brown is the wife of defendant Anthony Brown and employee of defendant Leon O'Conner. Liability of defendant Eliza Brown is of course predicated upon her intentional assault of plaintiff's person as indicated. Defendant Anthony Brown is sought to be held liable on the premise that being lawfully married to the tort-feasor, he is responsible for her legal wrongs. Liability of defendant O'Conner is urged on the ground he negligently kept a loaded .38 revolver on the premises and made same available to his employees, and further that he was negligent in attempting to disarm his employee, all of which alleged acts of negligence proximately contributed to appellant's injury.
None of the aforenamed defendants filed any answer, pleadings or exceptions of any kind whatsoever. In due time preliminary defaults were entered against each defendant. Upon confirmation, however, the trial court rendered judgment in favor of plaintiff against Eliza Brown alone in the sum of $5,354.40.
While plaintiff has appealed the judgment of the trial court rejecting his demands against both the aforesaid husband and employer, no mention is made in brief of the action of the lower court in dismissing appellant's demand against the employer. Under such circumstances, we consider the appeal against said employer abandoned. Fidelity National Bank of Baton Rouge v. Central Manufacturers Mut. Ins. Co., La.App., 48 So.2d 668.
The sole complaint appearing in appellant's brief before this court is that the trial court erred in rejecting his claim against the husband. As we understand counsel's argument in this respect, it is essentially that LSA-C.C. Article 2403 imposes liability upon the husband for the torts of his wife. Counsel for appellant so reasons on the premise that since LSA-C.C. Article 2402 has been interpreted as creating the presumption that all property acquired during marriage falls into the community of acquets and gains (on authority of Succession of Pratt, 12 La.Ann. 457), the question presented herein is what disposition does the law provide concerning community obligations? Having thus posed the problem, counsel proceeds to answer the query in favor of her client on the contention that LSA-C.C. Article 2403 established a similar result with respect to the obligations of the partners in the marital community.
The pertinent part of LSA-C.C. Article 2403 reads as follows:
"In the same manner, the debts contracted during the marriage enter into the partnership of community of gains, and must be acquitted out of the common fund * * *."
The evidence appearing of record herein may be summarized by stating that on the day of the assault upon appellant, defendant Eliza Brown was at work in her employer's place of business. When plaintiff, *416 an acquaintance, walked into the establishment, defendant wife went behind the bar, obtained a loaded .38 revolver which O'Conner kept available and threatened appellant with the weapon. O'Conner being in the establishment, immediately attempted to disarm plaintiff's would be assailant and in the scuffle which ensued the firearm discharged. The bullet passed through O'Conner's arm and also wounded plaintiff in the abdomen.
We see no point in belaboring an issue which has long been firmly settled in the jurisprudence of this state.
Notwithstanding the ingenious argument of counsel, it has been held on innumerable occasions that the husband (and consequently the community of acquets and gains) is not liable or responsible for the torts of his wife merely because of the marital relationship which exists between them, but rather is liable only where the tort of the wife is committed when she is engaged in an act for the benefit of the community. For example, see Moses v. Metropolitan Cas. Ins. Co. of New York, La.App., 51 So.2d 830, affirmed, 221 La. 364, 59 So.2d 421.
It is equally well established that to hold a husband, as head and master of the community of acquets and gains existing between him and his wife, liable for torts committed by the wife, it must be affirmatively established that the wife was expressly or impliedly authorized by the husband to perform the act in question which must be an actual attending to a community mission or affair. Hart v. Hardgrave, La.App., 103 So.2d 910.
Insofar as regards his liability for the torts of his wife, a husband who is not himself a tort-feasor has only the precarious liability equivalent to that of a principal or employer depending on whether the tort was committed by the wife in the performance of a community mission. Galle v. Ingraham, La.App., 140 So.2d 741.
It is neither alleged nor shown by the evidence that defendant husband was present at the time of the assault. Manifestly the action of the wife in deliberately assaulting an acquaintance patronizing the place of her employment does not constitute her engagement in a community mission.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal to be paid by appellant, Hayward Bradford, Jr. pursuant to LSA-C.C.P. Article 5188; all costs incurred in the trial court to be paid by defendant, Eliza Brown.
Affirmed.