329 So.2d 762 (1976)
Louella M. WALKER
v.
Joseph T. FONTENOT et al.
Carol Wells CLARK
v.
Joseph T. FONTENOT et al.
Nos. 10602 and 10603.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
Rehearing Denied April 12, 1976.
Writ Refused May 28, 1976.
*763 Iddo Pittman, Jr., Hammond, for Fontenot & Wild.
Charles B. W. Palmer, Amite, for Walker.
L. Barbee Ponder, Jr., Amite, for defendant Fontenot.
Hobart O. Pardue, Jr., Springfield, for Clark.
Before SARTAIN, EDWARDS and BENNETT, JJ.
EDWARDS, Judge.
There occurred early in the morning of February 13, 1971 an automobile accident involving the plaintiffs, Louella M. Walker and Carol Wells Clark, in one vehicle and Joseph T. Fontenot in another. The plaintiffs, in separate suits, sued Fontenot for their damages. Fontenot filed a third-party demand against Willie E. Wild d/b/a Wild's Insurance Agency, and Wild filed a third-party demand against his employee, Carol Kropog, and her husband. The suits were consolidated for trial.
Judgment in the Clark suit was rendered on October 2, 1974 as follows: in favor of Carol Wells Clark and against Joseph T. Fontenot for $6,316.05 plus legal interest and costs; in favor of Joseph T. Fontenot and against Willie E. Wild d/b/a Wild's Insurance Agency for $5,000.00 plus legal interest and one-half of the costs for which Fontenot was cast; in favor of Willie E. Wild d/b/a Wild's Insurance Agency and against Carol Kropog for $5,000.00 plus legal interest and one-half of the costs therein; and in favor of Ronald Kropog, husband of Carol Kropog, dismissing all claims against him.
Judgment in the Walker suit was likewise rendered on October 2, 1974 as follows: in favor of Louella M. Walker and against Joseph T. Fontenot for $5,276.30 plus legal interest and court costs; in favor of Joseph T. Fontenot and against Willie E. Wild d/b/a Wild's Insurance Agency for $5,276.30 plus legal interest and one-half of costs for which Fontenot was cast; in favor of Willie E. Wild *764 d/b/a Wild's Insurance Agency and against Carol Kropog for $5,276.30 plus legal interest and one half of court costs therein, and in favor of Ronald Kropog, dismissing all claims against him.
Only Wild (third party defendant and plaintiff) timely moved for and perfected an appeal, and, there being no timely answers thereto only his appeal is before this court.
Appellant assigns as error:
(1) the granting of judgment in favor of Fontenot on his third party demand against appellant,
(2) the refusal of the trial court to grant judgment in favor of appellant on his third-party demand against Ronald Kropog,
(3) the amount of the judgments awarded to plaintiffs Clark and Walker
The facts relevant to the issues presented are as follows:
On June 9, 1970, some eight months prior to the accident, Fontenot had gone to Wild's Insurance Agency to renew his automobile liability insurance. Fontenot had for the past fifteen years been dealing with Mr. Wild, although not continuously so. At this particular time, Mr. Wild was employed at the Livingston State Bank; and his employee of some two years, Carol Kropog, was operating the insurance agency. Fontenot testified that on that day he paid to Mrs. Kropog $80.00 for liability insurance on his two automobiles. This was a down-payment, as the receipt bearing Mrs. Kropog's name and which was introduced at trial reflected, leaving a balance due of $38.00. Mr. Fontenot testified that it had been his custom in past dealings with Mr. Wild to pay the balance upon receipt of the policies.
Mrs. Kropog, unknown to her employer, had been embezzling relatively small amounts from time to time from the agency funds. To cover this activity, she had intentionally not forwarded several applications for insurance nor premiums therefor which she had collected. Fontenot's application was likewise not sent, and no policy issued. After the accident this became evident; thus Fontenot sued Wild for failure to procure insurance and Wild sued Mrs. Kropog for her actions and his resultant damages.
(1) Appellant contends that the trial court erred in holding Wild liable to Fontenot. The basis of the contention is that Fontenot was under a duty to inquire concerning his policy and that, equitably, he was in a better position to have prevented the loss.
Initially, it is clear that the relationship between Wild and Mrs. Kropog was that of principal and agent. Furthermore, Mrs. Kropog's agency was general and her authority express: she had authority to quote rates, sell insurance, accept applications, accept premium payments, issue receipts therefor, forward premiums in connection with applications, and write checks for the agency. In Wild's absence she was solely responsible for operating the agency.
Where the agency relationship exits, the principal will be liable to third persons for all acts committed by the agent in his behalf in the course and within the scope of his authority. 3 C.J.S. Agency § 390.
The disclosed principal's obligation to third persons for authorized acts of his agent is ex contractu, and not a matter of equity. There is no question but that the acceptance of Fontenot's application and the premium therefor was an act within the scope of Mrs. Kropog's authority; Fontenot was under a duty to ascertain nothing further. The act of the agent is that of the principal, and Wild is considered as having accepted the application and premium himself.
*765 The further question is then presented of Wild's liability for failure to procure insurance for Fontenot.
"Article 3003 of the Civil Code states a mandatary or agent is responsible not only for his unfaithfulness, but also for his fault or neglect. Under that article an insurance agent or broker who undertakes to procure insurance for another owes a duty to his client to use reasonable diligence in attempting to place the insurance timely and to notify the client if he is unable to obtain the same. A prospective insured may recover loss sustained as a result of the agent's failure to procure the desired coverage when the agent's actions warrant an assumption by the insured that he was suitably covered."
Riley v. Carver General Insurance Agency, 279 So.2d 698, 701 (La.App. 4th Cir. 1973); Karam v. St. Paul Fire and Marine Insurance Company, 281 So.2d 728 (La.1973).
The Riley case presented a similar factual situation. The plaintiff applied for a policy of liability insurance in February and the accident occurred in July. No policy was ever issued, yet the plaintiff recovered.
We hold that the trial court was correct in allowing Fontenot recovery against Wild.
(2) Appellant also complains of the trial court's failure to hold Ronald Kropog liable to appellant for his wife's tort.
A similar contention was presented to this court in the case of Bradford v. Brown, 199 So.2d 414 (La.App. 1st Cir. 1967). In the case, a plaintiff, who was shot in a bar by a female employee thereof, sued the tortfeasor, her husband and her employer. We rejected plaintiff's claim against the husband therein, and, for the same reasons, do so here.
It is well established in the jurisprudence that the husband is not liable for the torts of his wife merely because of the marital relationship. McClure v. McMartin, 104 La. 496, 29 So. 227 (1901); Bradford, supra.
To hold the husband, as head and master of the community of acquets and gains existing between him and his wife, it must be shown that the husband expressly or impliedly authorized the wife to perform the act in question, which must be an actual attending to a community mission or affair. Bradford, supra
The evidence adduced in the trial court clearly shows that Ronald Kropog was unaware of his wife's act, and therefore could not have authorized it. Furthermore, there was neither any showing that the tortious conduct of Mrs. Kropog was in any way an attending to community affairs, nor that the community received any benefit therefrom.
(3) Appellant finally contends that the amounts awarded to the plaintiffs were not justified and are excessive.
In the absence of any showing otherwise, we will presume that the awards were justified. It is too well established "that, in the assessment of damages in tort cases, `much discretion must be left to the judge or jury.' C.C. 1934 (3)." Fox v. State Farm Mutual Automobile Insurance Company, 288 So.2d 42, 44 (La.1973); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
The decision of the trial court is affirmed at appellant's cost.
AFFIRMED.