CHIASSON, Judge.
This is an appeal of- a judgment of the District Court in favor of Louisiana Companies, defendant-appellee, and against Ma-clan Services Company, Inc., plaintiff-appellant, dismissing the plaintiff’s demand at its cost.
The defendant had handled, as broker, the plaintiff’s insurance business for a number of years. During this time the plaintiff periodically received notices of cancellation of insurance policies for non-payment of premiums. After receiving each notice, the plaintiff would come in and pay the premium. The defendant would then send the plaintiff written notice that the cancellation had been rescinded.
On or about September 8,1975, the plaintiff received notice of cancellation for nonpayment of premiums of a policy covering one of its garbage trucks. The policy, written by American Southern Insurance Company (American), had been obtained for the plaintiff by the defendant.
After receiving the above notice of cancellation, Joseph Machost, the plaintiff’s president, called Robert Bogan, the defendant's vice-president, to discuss the cancellation and a return premium due on another policy. Machost testified that Bogan agreed to determine the cause of the delay *828 in refunding the return premium due and whether this return premium could be applied to the premium owed American. Bo-gan testified that he did not agree to rescind the notice of cancellation and that the plaintiff did not arrange to pay the premiums due American. There was no further communication between the parties and the cancellation became effective on September 14, 1975.
On October 14, 1975, fire destroyed the truck which had been covered by the can-celled policy. Following the fire Machost called Bogan and told him of the fire. At that time Bogan told Machost that the policy on the truck had been cancelled in accordance with the notice of cancellation.
The plaintiff filed suit against American, as the alleged insurer of the truck, and Louisiana Companies, as the insurance broker, to recover damages for losses sustained as a result of the fire. American filed a motion for summary judgment, a hearing on the motion was held, and judgment was rendered dismissing the plaintiff’s suit as to American. A trial on the merits was held and judgment rendered dismissing the plaintiff’s suit as to Louisiana Companies.
The plaintiff has brought this appeal from the judgment dismissing its suit against Louisiana Companies contending that:
“The Trial Court erred in failing to find that defendant-appellee failed in its duty to appellant and in failing to find that appellant could reasonably believe that, in the specific instance, its insurance needs were met, in light (of) the length of the business relationship between the parties and the manner in which similar instances had always been handled in the past.”
The effectiveness of the notice cancelling the policy is not at issue in this appeal nor is the alleged coverage by American.
Under Article 3003 of the Civil Code, an insurance broker, as the agent of his client, is responsible not only for his unfaithfulness but also for his fault or neglect. Walker v. Fontenot, La.App., 329 So.2d 762 (1st Cir. 1976). At issue in this appeal is whether, based on their prior dealing and the telephone conversation of September 8, the defendant was under a duty to inform the plaintiff that the notice of cancellation was not rescinded and became effective on the date specified in the notice.
The evidence, the testimony of Bo-gan and Machost, established that in previous dealings a definite arrangement for payment of the premium would be made by the plaintiff before the defendant would agree to maintain the plaintiff’s insurance coverage. In addition, following payment, the defendant always sent the plaintiff written notice rescinding the cancellation. In the present case there was no arrangement for payment, no agreement to maintain the coverage, no payment of the premium, and no notice rescinding cancellation of the policy. There is nothing in the record that would indicate that the defendant was under a duty to inform the plaintiff that the cancellation had become effective. The plaintiff received notice that its policy would be cancelled on September 14, 1975, for non-payment of premiums. All the plaintiff did was call the defendant to discuss the cancellation, it did not take any steps to rescind this cancellation. Therefore, the plaintiff knew or should have known that its insurance coverage ended on September 14 and the defendant was under no duty to remind it of this fact.
For the above reasons, the judgment appealed is affirmed. Cost to be paid by plaintiff.
AFFIRMED.