HARDY, Judge.
This suit was instituted by Mrs. Nugent and her husband, joined by Mrs. Nugent’s mother, Mrs. Doherty, as a party plaintiff, seeking the recovery of damages for personal injuries, property damage, etc., resulting from an automobile collision. Made defendants were James Faulk, driver, Superior Iron Works & Supply Company, Inc., owner, and Fidelity & Casualty Company of New York, insurer of the truck involved in the accident. Also joined as a party defendant by the plaintiff Mrs. Do-herty, in the original action, was Manufacturers Casualty Insurance Company, liability insurer of the Nugent car. The case was tried before a jury and, in response to the verdict, judgment was rendered in favor of Mrs. Doherty and against both defendant insurers, which judgment has been satisfied. There was further judgment rejecting the demands of the Nugent plaintiffs, from which they prosecute this appeal.
The accident occurred in the early afternoon of December 16, 1957, at the “T” intersection of Dalzell Street with Linwood Avenue in the City of Shreveport. The car driven by Mrs. Nugent, headed west on Dalzell, was brought to a stop at the intersection with Linwood Avenue, a right-of-way thoroughfare. After making observation for approaching traffic, in which she perceived the approach of the Superior truck which was traveling north on Linwood, Mrs. Nugent drove into Linwood, intending to make a left turn to the south, and her car was struck by the Superior truck. Mrs. Nugent’s explanation, in justification of her action in driving into the path of the approaching truck, was that the directional light located on the right front fender of the truck was flashing, and, relying upon this evidence of the intention of the driver to turn from Linwood Avenue to his right into Dalzell Street, she entered the intersection. This contention, supported by the positive testimony of Mrs. Nugent, squarely presents the factual issue of negligence which must be the basis for determination of the proximate cause of the accident.
The testimony of Mrs. Nugent on this point is squarely and positively controverted by that of Faulk, the driver of the Superior truck, who testified that the directional indicator on the right front fender was not in operation; that he had not set it in operation, and that he had no intention of turning into Dalzell Street, inasmuch as the mission upon which he was engaged required his continuance upon Linwood to a business establishment lo *668 cated on Texas Avenue, with which Linwood intersected some distance to the north of Dalzell. Following immediately in the course of the Superior truck was a car driven by Mrs. Eunice Moore, who testified that she was carefully observing the operation of the truck, and that she did not see the flashing of the right turn indicator on the rear of the truck, which device was established as being approximately four inches in diameter. That Mrs. Moore was indeed properly observing the operation of the truck is established by the fact that she immediately noted the application of brakes by the driver of the truck occasioned by Mrs. Nugent’s entry into his path of travel, and took immediate precautionary action to avoid colliding with the rear of the said vehicle.
Counsel for defendant forcefully argues that Mrs. Nugent’s positive testimony should not be considered as refuted by what he defines as the negative testimony of Faulk and Mrs. Moore. We are unable to accept this contention, for, conceding the positive nature of Mrs. Nugent’s testimony, it must be observed that Faulk’s testimony was equally positive. Although the testimony of Mrs. Moore may be regarded as negative in nature, it suffices as impressive corroboration of Faulk’s affirmative contention that his right turn directional signal was not operating. It must further be observed that Mrs. Do-herty, who was a passenger seated on the front seat of her daughter’s car, although she observed the approach of the Superior truck just before the impact, was not examined and did not testify on this point.
In view of the above analysis of the testimony of the witnesses, we find no possible justification for a conclusion that plaintiffs have succeeded in proving the point upon which they rely, and which proof would be essential in establishing their right of recovery.
We are convinced that plaintiffs-appellants have failed to establish negligence on the part of Faulk, and it is equally clear that Mrs. Nugent was guilty of negligence which effectively precludes recovery.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.