For the reasons assigned the judgment appealed from is affirmed.

TURNER, J., recused.

124 So.2d 904

Robert L. MARTIN

v.

Ernest BROWN.

No. 45071.

Dec. 12, 1960.

Nelken & Martin, Natchitoches, for plaintiff-appellee and relator.

Gahagan & Gahagan, Natchitoches, for respondent.

FOURNET, Chief Justice.

We granted certiorari in this case because of the conflict in the rulings of the

Courts of Appeal of the State [1] as to the husband's liability for a tort committed by his wife.

The plaintiff, Robert L. Martin, instituted suit to recover for damage to his automobile as a result of a collision with a pickup truck belonging to defendant Ernest Brown; at the time of the accident, which occurred at a street intersection in Natchitoches about 7:30 in the morning, the plaintiff's car was being driven by his minor son and the defendant's truck by Dean G. Brown.[2] The defendant was not present. The answer consisted of a categorical denial of each allegation of the petition, an averment of freedom from negligence on the part of the defendant and an affirmative allegation of negligence or (alternatively) contributory negligence by the driver of plaintiff's car, but no evidence of any nature was tendered by defendant on trial of the case. There was judgment for plaintiff.

On appeal to the Court of Appeal, Second Circuit, the defendant, relying on that Court's ruling in the case of Hart v. Hardgrave, 103 So.2d 910, contended he is not liable since plaintiff's petition against the husband car-owner failed to allege, and the testimony offered by plaintiff failed to show, that the defendant's wife was on a mission for the community at the time of the occurrence of the alleged tortious act. The plaintiff, on the other hand, relying on the rule announced in opinions of the Courts of Appeal of Orleans and the First Circuit, and assembled for consideration in Johnson v. Delta Fire & Casualty Co. et al., La.App. 1 Cir., 110 So.2d 215, contended that where the automobile is alleged to have been driven by the wife with proper allegation of negligence on her part, and the husband is sued, in order to be relieved of liability the burden is on the defendant husband to plead and prove the fact that the wife was not on a mission for his benefit or that of

1. La.Const. of 1921, Art. 7, Sec. 11, declares that " * * * where the application [for writ of certiorari] is based solely upon the ground that the decision of the question of law involved is in conflict with the jurisprudence of the Supreme Court or another Court of Appeal upon a question not yet decided by the Supreme Court, and it is found that such is the fact, then the application shall be granted as a matter of right; * * *."

2. The petition merely alleged that defendant's pick-up truck was being driven by "Dean G. Brown" with defendant's "knowledge, consent and permission,"

but there is neither allegation in the petition nor proof in the record to show in what capacity Dean G. Brown was operating the truck at the time of the accident, i. e., whether under loan to a third person, under a relationship of employer-employee, master and servant, principal and agent, or as a wife on a mission for the community. We became aware that Dean G. Brown was the wife of Ernest Brown, the defendant, only because she was so referred to by the lawyers and in the opinion of the Court of Appeal, 117 So.2d 665, as though a fact of common knowledge.

the community at the time of the commission of the tort, since this is a fact peculiarly within his knowledge.

In disposing of the matter adversely to plaintiff, the appellate court noted the conflict in the jurisprudence and observed [117 So.2d 666]: "After thorough consideration we are firmly impressed with the correctness of the conclusion that the allegation and proof of a community agency is properly a burden which must be assumed and discharged by a plaintiff who seeks recovery from a husband for the tort of his wife committed out of his presence. The basis for this conclusion rests upon the principle that the burden of proof of an action in tort against a principal or master or employer, seeking to fix liability for the acts of the agent or servant or employee, requires pleading and proof of the respective relationships by the plaintiff. As was observed in the Hart v. Hardgrave case, cited supra, we see no reasonable ground for distinction between the categories above enumerated and that of husband and wife. For this reason, with all respect for the opposed view of our brethren of the other circuits, we prefer to adhere to the principle heretofore enunciated by this court." The decree, annulling the judgment of the lower court and giving judgment for defendant, was followed by the application here for writs.

There is no liability in this State for damages sounding in tort except where such liability is expressly or impliedly authorized by the codal articles and statutes of the state; it follows that the "family purpose" doctrine of other states does not apply in Louisiana, and the husband is not responsible solely because of his relationship as such for a tort committed by his wife. While a person is accountable not only for the damage occasioned by his own acts but also for that which is caused by the act of persons for whom he is answerable (Civil Code of Louisiana, Article 2317), the rule is well settled that the owner of an automobile is not liable for damages caused while his car is being operated by a third person with his knowledge and consent unless he was present or the third person was his agent, servant or employee and was acting at the time of the accident within the scope of his agency or employment. The cases in which an agency or mandate can take place are recited in Article 2986 of the Civil Code: "For the interest of the person granting it alone; *for the joint interest of both parties;* for the interest of a third person; for the interest of such third person and that of the party granting it, and, finally, for the interest of the mandatary and a third person." (Emphasis supplied). In Adams v. Golson, 187 La. 363, 174 So. 876, 879, this Court restated the above rules and concluded "that in

order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of Article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community." On the facts of the case the Court concluded that the primary purpose of the wife's trip to Baton Rouge on the day of the accident was for her own pleasure, to attend a style show and a fraternal meeting, and that the taking of a meal (such being her destination when the accident occurred) was merely a matter of convenience and incidental to the main object of her use of the automobile on that day. In the later case of Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, this Court approved the law as announced in the Golson case as to instances where the husband could be held liable for the torts of his wife, but thought the application of the law to the facts of the case had been "too restricted," [3] and adopted a more liberal rule, i. e., that where the wife is engaged in legitimate pursuits (in that case, to borrow a circular knitting needle to knit a sweater for herself), as long as she is using the automobile with the express or implied consent of the husband, he, as head and master of the community, is liable for the damage caused by her tortious acts. With respect to the petition's allegations in that case however—a pertinent point in the matter under consideration—it is to be noted that the plaintiff, as a basis for his claim that the husband was solidarily liable with the wife for the damage caused, alleged that the defendant wife was driving the automobile with her husband's knowledge and consent, and with his permission and authority, as well as that she was driving it on business for the community which existed between them.

■■ It is clear that since there is no right to proceed against a husband merely because of his relationship as such to the tort feasor, a petition in a suit against a husband devoid of an allegation that his wife was on a mission for the community at the time of the alleged tort has stated no cause of action against him. The very basis of liability in such cases for a tort committed in the husband's absence by the wife while using an automobile belonging to the community is agency; hence his permission, actual or implied, for the use of the car by the wife and that she was engaged in the service of her husband or

3. The author of the opinion in the instant case was also the author of the opinion in Adams v. Golson, discussed in the text, and filed a vigorous dissent in the Brantley case, but of course now defers to the opinion held by the majority of the Court as expressed in the Brantley case.

in activity for the benefit of the community are necessary elements, and we think therefore that since it was neither alleged nor is there any evidence in the record to establish that Dean G. Brown was the wife of the defendant or that she was at the time of the accident engaged in an activity for the benefit of the community, the Court of Appeal properly dismissed the suit.

Inasmuch as the primary reason for granting a writ in this case was to clear the conflict between the holdings of the appellate courts of this State with respect to the necessity for allegation and proof that the wife was engaged on a community mission at the time of the accident, we think that once the plaintiff has stated a cause of action and established that the accident occurred through the negligence of the wife in her use of the community car, which she was operating with the permission and consent (actual or implied) of the husband, since the husband has peculiar knowledge of facts which would relieve him of liability it then devolves upon him should he seek to avoid responsibility to show, to the satisfaction of the court, that the wife was on a mission of her own.

For the reasons assigned, the judgment of the Court of Appeal is reinstated and affirmed.

124 So.2d 908