SANDERS, Justice.
 

 Reverend Baxter Pond and his wife brought this action against Samuel Levi Campbell, his wife, Mary S. Campbell, and their insurer, Allstate Insurance Company, for damages arising from an automobile intersectional collision.
 

 The accident occurred on March 25, 1962, in the City of Hammond. An automobile driven by Mrs. Campbell on North Holly Street collided with the automobile driven by Reverend Pond on East Thomas Street, a main thoroughfare. Mrs. Pond received injuries in the accident. Reverend Pond incurred medical expenses for treatment of the injuries.
 

 The district court rendered judgment for $5,000.00 in favor of Mrs. Pond and for $3,108.74 in favor of Reverend Pond against Mr. and Mrs. Campbell and Allstate Insurance Company, in solido. The court rendered an additional judgment for $5000.00 in favor of Reverend Pond against Mr. and Mrs. Campbell.
 

 Without granting a new trial, the district court corrected the additional $5000.00 judgment to reflect that it was in favor of Mrs. Pond, rather than Reverend Pond.
 

 The defendants appealed. The Court of Appeal dismissed all demands against the husband, Samuel Levi Campbell, and reduced plaintiffs’ awards. The court thus amended and affirmed the judgment. See La.App., 198 So.2d 700. On application of plaintiffs, we granted a writ of review limited to a consideration of the liability of the husband, Samuel Levi Campbell. 250 La. 983, 200 So.2d 667.
 

 In releasing the husband from liability, the Court of Appeal stated:
 

 “In this case, there is no allegation to the effect that Mrs. Campbell was on a community mission at the time of the accident contained in any pleading in the case, and no proof was offered during the trial to show anything except that Mrs. Campbell was going to a wedding. There is, therefore, no basis in the record for holding Mr. Campbell liable, and no basis for rendering judgment against him.”
 

 We agree with the judgment. Although the petition alleged the husband negligently failed to maintain the automobile in safe mechanical condition, the record is-
 
 *926
 
 devoid of any evidence to substantiate the allegation. Hence, his liability must be determined solely from the nature of the wife’s mission at the time of the automobile accident.
 

 In Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960), we restated the rules for determining the husband’s liability as follows:
 

 “It is clear that since there is no right to proceed against a husband merely because of his relationship as such to the tort feasor, a petition in a suit against a husband devoid of an allegation that his wife was on a mission for the community at the time of the alleged tort has stated no cause of action against him. The very basis of liability in such cases for a tort committed in the husband’s absence by the wife while using an automobile belonging to the community is agency; hence his permission, actual or implied, for the use of the car by the wife and that she was engaged in the service of her husband or in activity for the benefit of the community are necessary elements * * H: ”
 

 “[W]e think that once the plaintiff has stated a cause of action and established that the accident occurred through the negligence of the wife in her use of the community car, which she was operating with the permission and consent (actual or implied) of the husband, since the husband has peculiar knowledge of facts which would relieve him of liability it then devolves upon him should he seek to avoid responsibility to show, to the satisfaction of the court, that the wife was on a mission of her own.”
 

 Concededly, the petition contains no allegation that Mrs. Campbell was on a community mission. Relying upon Article 1154, LSA-C.C.P., plaintiffs contend the community mission issue was tried by the implied consent of the parties and must be treated as if raised by the pleadings.
 
 [1]
 
 Plaintiffs also assert that evidence of the community mission introduced at the trial without objection enlarged the pleadings.
 

 
 *928
 
 Our examination of the record fails to disclose that the parties tried the issue of community mission. Hence, the procedural article cited is inapplicable.
 

 Plaintiffs’ further contention that evidence enlarged the pleadings must also be rejected. The testimony, as the Court of Appeal properly found, shows only that the wife was going to a wedding. The record is barren of any testimony relating to the husband’s permission to use the car or the community benefit of the wife’s mission.
 
 [2]
 

 Plaintiffs strongly rely on the Allstate Insurance policy introduced in evidence by stipulation of counsel. From the policy, they make two main contentions: (1) that, in rendering judgment against the insurer, the court impliedly found that Mrs. Campbell had her husband’s permission to use the car, since the policy omnibus clause provided her coverage only if she used the car with the permission of the named insured, Samuel Levi Campbell; and (2) that the policy limited the use of the car to the funeral director business of the named insured.
 
 [3]
 

 Evidence admitted without objection enlarges the pleadings only when it is inadmissible on the issues properly pleaded. If the evidence is already admissible under the pleadings, an objection to its introduction would be futile. Monk v. Monk, 243 La. 429, 144 So.2d 384; Succession of Addison, 212 La. 846, 33 So.2d 658; Succession of Dauphin, 112 La. 103, 36 So. 287; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717.
 

 We note the policy was admissible under the pleadings in the present case to establish insurance coverage and to fix its limits. lienee, since it was admissible for these purposes, the policy produced no enlargement of the pleadings.
 

 For the reasons assigned, the judgment of the Court of Appeal, is affirmed at plaintiffs’ costs.
 

 [1]
 

 . “Art. 1154
 

 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at tbe trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
 

 [2]
 

 . The husband was not called as a witness. The wife testified only on cross-examination.
 

 [3]
 

 . .The assertions concerning the content of the policy are inaccurate. Apart from the omnibus clause, the policy insures a second person resident of the same household as Samuel Levi Campbell, the named insured. The policy describes the use of the car as
 
 business and pleasure.