HOOD, Judge.
This is an action for damages instituted by Pelican Creamery and The Employers Liability Assurance Corporation, Ltd., against B. R. Carter and Mrs. Billie Jean Graham Carter LeBourgeois. Plaintiffs seek to recover property damages allegedly sustained by them as the result of a collision between a truck owned by Pelican Creamery and an automobile which was being driven by Mrs. LeBourgeois. The Employers Liability Assurance Corporation, Ltd., as the collision insurer of the truck, has been subrogated to a substantial portion of the claim of Pelican Creamery, the insured. Judgment was rendered by the trial court in favor of plaintiffs, condemning defendants solidarily to pay to Pelican Creamery the sum of $250.00 and to pay to The Employers Liability Assurance Corporation the sum of $4,750.00.
B. R. Carter, one of the defendants, has appealed. The other defendant, Mrs. LeBourgeois, has not appealed or answered the appeal which was taken by her co-defendant, and the judgment thus has become final as to her.
The following important issues, among others, are presented on this appeal: (1) Were the defendants, Mrs. LeBourgeois and B. R. Carter, husband and wife at the time the accident occurred? (2) If they were husband and wife, was Mrs. Le-Bourgeois on a community mission at the time of the collision?
The accident which gave rise to this suit occurred in New Iberia, Louisiana, on November 18, 1962. A head-on collision occurred between the Pelican Creamery truck and an automobile which was being driven by Mrs. LeBourgeois when the automobile veered suddenly to its left into the lane of traffic of the truck. As a result of that collision, the truck was damaged extensively-
Shortly after the accident occurred the investigating police officers interrogated the driver of the automobile, and she informed them at that time that her name was “Lillian Carter.” The report of these investigating officers, filed in evidence without objection, shows that the automobile involved in this collision was owned by “B. J. Carter” and was being driven by “Lillian Carter.”
In their original petition plaintiffs named B. J. Carter and Lillian Carter as defendants. They alleged that the two named defendants were husband and wife at the time of the accident, that the automobile which was being driven by Lillian Carter was owned by the community of acquets *618 and gains existing between her and B. J. Carter, and that the driver was on a community mission at the time the collision occurred. Plaintiffs later amended their petition to change the name of “B. J. Carter” to “B. R. Carter.” They amended and supplemented their petition again by alleging that “Lillian Carter” was in truth and in fact “Billie Jean Graham, wife of B. R. Carter,” but that she later was divorced from B. R. Carter and thereafter married Dr. Paul A. LeBourgeois, Jr.
Defendant, B. R. Carter, filed an exception of improper joinder of parties defendant, alleging that the community of acquets and gains which once existed between him and Billie Jean Graham had been dissolved by a legal separation prior to the date of the accident. This exception was overruled by the trial judge. Thereafter, B. R. Carter filed an answer to the original and supplemental petitions generally denying all allegations and specially alleging that he and Billie Jean Carter LeBourgeois were divorced prior to the time the accident occurred. Alternatively, he alleged that Mrs. LeBourgeois was not on a community mission at that time, and that he thus would not be liable in damages even if it should be determined that he and Mrs. LeBourgeois were married when the collision occurred.
Mrs. LeBourgeois did not file an answer. In due course a preliminary default was entered against her, and it was confirmed on October 23, 1968. The case also was tried on its merits as to B. R. Carter on the last mentioned date. After hearing the evidence, the trial court rendered judgment in favor of plaintiffs against both defendants.
No evidence of any kind was offered or presented at the trial to show that B. R. Carter and Mrs. LeBourgeois had been legally separated or divorced, or to show the date on which any such legal proceedings might have taken place. Defendant Carter argues that the burden of proof is on plaintiffs to show that the marriage and the community of acquets and gains between him and Mrs. LeBourgeois was still in existence at the time of the accident, especially since he has denied the existence of the community. He contends that since no evidence was produced establishing that a marriage was contracted between the parties and that it was still in existence on the date of the accident, the plaintiffs have failed to meet the burden of proof which rests on them and that their demands thus should be rejected.
In order for plaintiffs to recover against defendant Carter they must show, among other things, that he and Mrs. Le-Bourgeois were married at the time the accident occurred. Carter admits in his pleadings that he married his co-defendant some time before the date of the accident. Such an admission, we think, adequately establishes that the parties actually were married and that a community existed between them at some time prior to the date of the accident. With such a showing, we feel that a presumption arises that the marriage continued, unless the party contending that it was later dissolved produces proof to support that allegation. Plaintiffs, therefore, met the burden of proof which rested upon them, insofar as showing that the defendants were married when the accident occurred, by proving simply that they were married some time prior to that accident. In our opinion they are not required to affirmatively prove also that the marriage was not dissolved before the collision occurred.
Since plaintiffs have established the marriage, the burden of proof rests on defendant Carter, who has alleged that the marriage was lated dissolved, to prove that allegation. As we have already noted, he has failed to meet that burden. Our conclusion is that the evidence establishes that defendant Carter and Mrs. Le-Bourgeois were husband and wife at the time the accident occurred, and that a community of acquets and gains existed between them at that time.
*619 In order to hold the husband, as head and master of the community, liable for torts committed by his wife, it must be shown affirmatively that the wife was expressly or impliedly authorized to attend to the affairs or business of the community at the time of the commission of the act, and that she actually was on such a mission for the community at that time. Adams v. Golson, 187 La. 363, 174 So. 876 (1937); Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960).
In Adams v. Golson, supra, our Supreme Court appropriately said:
“[8] It is our opinion, therefore, that in order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community.”
And in Martin v. Brown, supra, the Court also observed:
“ * * * The very basis of liability in such cases for a tort committed in the husband’s absence by the wife while using an automobile belonging to the community is agency; hence his permission, actual or implied, for the use of the car by the wife and that she was engaged in the service of her husband or in activity for the benefit of the community are necessary elements, and we think therefore that since it was neither alleged nor is there any evidence in the record to establish that Dean G. Brown was the wife of the defendant or that she was at the time of the accident engaged in an activity for the benefit of the community, the Court of Appeal properly dismissed the suit.”
The evidence in the instant suit shows that defendant Carter was not present when the accident occurred. It does not show whether his wife was on a mission for the community, or whether she had been expressly or impliedly authorized to attend to any affairs or business of the community at that time. Plaintiffs thus have failed to show that she was on a community mission.
Plaintiffs contend, however, that Mrs. LeBourgeois was using a community owned vehicle, that under those circumstances a presumption arises that she was acting as her husband’s agent, and that the burden thus is upon the husband, Carter, to prove otherwise. In support of that argument they cite Martin v. Brown, supra; Norman v. Little, 14 La.App. 298, 129 So. 459 (La. App.Orl.1930); and Vinson v. Picolo, 15 So.2d 778 (La.App.Orl.1943).
The rule, as stated in Martin v. Brown, supra, is:
“ * * * we think that once the plaintiff has stated a cause of action and established that the accident occurred through the negligence of the wife in her use of the community car, which she was operating with the permission and consent (actual or implied) of the husband, since the husband has peculiar knowledge of facts which would relieve him of liability it then devolves upon him should he seek to avoid responsibility to show, to the satisfaction of the court, that the wife was on a mission of her own.”
Such a presumption does not apply here, however, because the evidence in the instant suit fails to show that the automobile which Mrs. LeBourgeois was driving was owned by the community or that she was operating it with the express or implied consent of her husband. Plaintiffs alleged that the automobile involved in this accident was a 1955 Pontiac owned by the community of acquets and gains existing between B. R. Carter and Mrs. LeBourgeois. These allegations were denied by Carter. The police officers who investigated the acci *620 dent reported that the automobile was a 1955 Pontiac owned by “B. J. Carter,” but at the trial one of those officers testified that the automobile was a Ford. The only evidence introduced at the trial which tends to show the ownership of the car was the report of the investigating officers showing that it was owned by “B. J. Carter.” No evidence was introduced to show that B. J. Carter and B. R. Carter were one and the same person, and there was no evidence tending to show that Mrs. LeBourgeois had the actual or implied permission of the owner, whoever he was, to use the car. Our conclusion is that the evidence fails to warrant a presumption that she was on a community mission at the time the accident occurred.
 A tort feasor is always liable for his or her torts under LSA-C.C. Articles 2315 and 2316. A husband, who is not a tort feasor himself, has only the precarious liability of a principal or employer for torts committed by his wife, and that precarious liability attaches only when the tort is committed by the wife while she is on a mission for the community, with the express or implied consent of the husband. Bradford v. Brown, 199 So.2d 414 (La. App. 1st Cir. 1967); Galle v. Ingraham, 140 So.2d 741 (La.App. 4th Cir. 1962). In the instant suit, since the evidence fails to show that Mrs. LeBourgeois was on a community mission at the time the accident occurred, the trial court erred in holding that her husband was liable for the damages sustained by plaintiffs as a result of his wife’s acts.
For the reasons herein set out, that portion of the judgment appealed from which condemns defendant B. R. Carter to pay damages or costs is reversed. In all other respects, and especially with reference to that portion of the judgment which is in favor of plaintiffs and against Billie Jean Graham Carter LeBourgeois, the judgment is affirmed. The costs of this appeal are assessed to plaintiffs-appellees.
Affirmed in part, and reversed in part.