SARTAIN, Judge.
Plaintiff-appellant, as an apprentice welder, was injured as a result of a com-pensable accident which occurred on September 26, 1967. He continued to work for his employer until August 1, 1968 when he voluntarily quit. On October 31, 1968, (some thirteen months following the accident) plaintiff instituted this suit for maximum workmen’s compensation benefits. In his petition he alleged that the wages paid him by his employer between the dates of September 26, 1967 and August 1, 1968 were in lieu of compensation because his injury prevented him from performing his regular “occupational duties”.
Defendants-appellees filed a peremptory exception of prescription contending that the wages paid plaintiff were actually earned and that any claim plaintiff may have had has prescribed. Plaintiff now appeals from a judgment of the district court sustaining defendants’ exception and dismissing his suit.
For reasons hereinafter stated we are of the opinion that the decision of the trial court is correct and its judgment should be affirmed.
L.R.S. 23:1209 requires that all claims for workmen’s compensation benefits must be instituted within one year from the date of the accident or the date of the last payment. Since appellant missed only four days of work he was not entitled to any weekly payments, therefore, he bears the burden of showing that the wages actually paid him were in lieu of compensation so as to defeat the plea of prescription.
The trial judge at the conclusion of the hearing on the exception handed down oral reasons wherein he stated that although the plaintiff worked “under some handicap for a few weeks following the accident” he was not being paid for performing any light duties nor was there any contemplation by his employers that he be placed on light duty. He found that plaintiff performed substantially the same work after the accident as he did before. The record in this matter amply supports these findings of fact.
Plaintiff’s injury to his right index finger was medically described as an “avulsion of the middle part of the nail, the skin and dorsal part of the bone of the distal phalanx”. The accident occurred on a Tuesday. Plaintiff was absent from work for the balance of the week but he returned on Monday, October 2. He missed an additional day of work on October 4, 1967, but was thereafter regularly employed until he voluntarily terminated his employment on August 1, 1968.
During the course of the hearing on the exception only three persons were called to testify, one by the plaintiff and two by the defendants. One of defendants’ witnesses was Mr. D. J. Melancon, the office manager of Southeast Fabricators, Inc. He identified the employment records of plaintiff which showed that other than the dates mentioned above plaintiff’s employment was steady and continuous. The other witness called by defendants was Mr. John Melvin Watson, the general foreman of the fabricating shop for Southeast Fabricators, Inc., where plaintiff was working at the time of the accident and to which plaintiff returned following the accident. This witness stated that upon plaintiff’s return he was reassigned to his regular duties in the fabrication plant. He stated that plaintiff wore an aluminum guard over his injured finger but nevertheless performed his regular duties. The witness was emphatic that there was no light duty work for anyone, that the plaintiff never complained to him of any disability, and according to his own observation plaintiff continued to perform “all of the duties that he had to do as an apprentice”.
The only witness to testify on behalf of plaintiff was the plaintiff himself. His testimony is to the effect that upon his return to work his finger was sensitive and would bleed if it came into contact with a solid object. He stated that it was necessary for him to work with an aluminum *536 splint protecting his finger. He claims he was handicapped in his work for seven months following the accident. Plaintiff also stated that his immediate supervisors were Messrs. Reine and Breaux and that these gentlemen were familiar with the fact that he worked under a handicap and frequently had to ask for assistance. Messrs. Reine and Breaux were not called to testify by either party.
A reading of the testimony in this case convinces us that the burden imposed upon the plaintiff to overcome the plea of prescription as required by L.R.S. 23:1209 was not carried by the plaintiff. If Messrs. Reine and Breaux were familiar with the fact that plaintiff on occasion did have to ask for assistance from fellow employees, it was unknown to the general foreman and to the company itself. This burden must be met and successfully carried by a plaintiff who seeks to recover compensation benefits where a year has lapsed from the date of the accident or the last payment. See Granger v. Nichols Construction Corp., 202 So.2d 337 (1st La.App.1967) and Mella v. Continental Emsco, 189 So.2d 716 (1st La.App.1966, writs refused, 1966).
Plaintiff argues before us that the failure of defendants to call Messrs. Reine and Breaux creates a presumption that their testimony would have been adverse to defendants’ interest. While this is a general rule it does not necessarily apply in this instance. It is plaintiff who must prove that he was assigned to lighter duties as a result of his injuries, that although he received the same wages as before the accident, he was not fully earning them. These witnesses as well as other fellow employees of plaintiff were available to plaintiff as well. Therefore, we draw no inference from the failure of either party to call other witnesses and view this matter strictly on the testimony of the persons who testified. The trial judge was convinced that plaintiff earned his wages and this conviction is amply borne out by the record. Certainly, it was not manifest error on the part of the trial judge to accept the testimony of Mr. Watson, the general foreman, corroborated by the company’s employment records over the wholly uncorroborated testimony of the plaintiff himself.
Accordingly, for the above and foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.