TUCKER, Judge.
This is an accident which occurred on August 29, 1962, on the Airline Highway in the Parish of East Baton Rouge.
Both vehicles were traveling north immediately prior to the accident. The plaintiff was driving in the outside north bound lane and the defendant on the inside north bound lane. The record indicates that defendant vehicle veered on to the neutral ground between the north and south bound lanes and then veered back on to the north bound lane into the east or outside lane of traffic where plaintiff was driving.
The testimony of the police officer indicated that the point of collision as to the highway was seven feet west of the east edge of Airline Highway and some fourteen feet east of the neutral ground of the Airline Highway, that is, in the right hand lane for north bound traffic.
The evidence indicated that at that point the plaintiff’s car struck the defendant’s *379 car on the south side of the right front fender.
The lower court correctly summarized the issue before it in saying, “Plaintiff argues that the accident was caused by the negligence of defendant in losing control of the car and allowing it to cross directly into the path of plaintiff’s car. Plaintiff’s position is that defendant’s car ran into plaintiff’s lane and the ensuing collision was unavoidable on the part of the plaintiff.
Defendant submits that the accident was caused solely by the plaintiff’s negligence in allowing her (plaintiff’s) car to strike the right rear of defendant’s car which impact caused defendant to lose control of her car, run on to the neutral ground and from there back again into plaintiff’s lane of traffic.” The trial court found for the plaintiff and this appeal was taken.
On Appeal, appellants, in addition, to assignment of errors concerning the findings of the trial court on negligence, contributory negligence and doctrine of last clear chance, contend that the lower court erred as follows:
“1. The trial court erred when it failed to consider that a witness subpoenaed and available and not called to testify created a presumption that if called such witness would have testified unfavorably to the person who subpoenaed him.
2. The trial court further erred in concluding that at the time of the accident, defendant-appellant, Katie T. Henry, was on a community mission; that therefore, her husband was responsible for the losses occasioned plaintiff-appellee, Helena M. Gauthier.”
An examination of the record indicates that the investigating officer, the plaintiff, the guest passengers of the plaintiff car, and the defendant, testified that the accident took place in the plaintiff’s lane of traffic and that defendant’s automobile was perpendicular (approximately) to the path of plaintiff’s car at the time of the impact. The defendant, herself, testified that the plaintiff was at all times maintaining a position in the outside lane of traffic. This court quotes with favor the reasons of the trial court in stating:
“Plaintiff stated that she attempted to avoid the collision by applying her brakes but that there was not enough time. The investigating officer testified that there were skid marks at the scene and the court, therefore, accepts plaintiff’s statement that she braked her car in an attempt to avoid the accident. Except for defendant’s testimony, no evidence was introduced to show that plaintiff hit defendant’s car first and thereby cause defendant to lose control of her car. Moreover, plaintiff introduced pictures of defendant’s car which do not reflect any dent or scrapes in defendant’s car in the area where plaintiff’s car is alleged to have hit defendant’s car. The court, therefore, finds that this accident was the result solely of the negligent driving of defendant, Katie T. Henry.
The court finds that plaintiff was without any contributory negligence and did not have the last clear chance to avoid the accident. For the doctrine of last clear chance to be applicable, the plaintiff must have been in a position which would have allowed her to avoid the accident by the exercise of reasonable care. In the instant case, the court believes that the plaintiff had no opportunity to avoid the accident for there was insufficient time to react.”
We see no reason to overturn that finding.
In reference to the issue raised by the appellant concerning the failure of plaintiff to call Officer Pruitt, one of the investigating officers, it should be observed that while this suit was filed August 28, 1963, that trial did not begin until June 24, 1969. On that date, the plaintiff put on its case. At the close of the testimony of Officer Bergeron counsel for the plaintiff made this statement,
*380 “And that is we have subpoenaed both police officers who wrote the report, Officer Bergeron, who just testified and Officer Pruitt. We subpoenaed both of these gentlemen to be in court this morning. Officer Bergeron arrived and we spoke with him and found that he is the one that wrote the report and was the senior officer on the scene of the accident, as he testified. We have gone over to Officer Pruitt’s residence and asked that he not appear as a witness. We’ve taken our preogative not to call him. I think recent decisions require an explanation for that. And the explanation is simply this. It’s been long the practice in trying law suits involving police officers there is no necessity in calling both and that we have exercised our prerogative to call the one we felt could best testify to the court. We have never spoken with Officer Pruitt, we have no idea what his testimony would be, but he signed the report. But we have offered in evidence the testimony of the officer who wrote the report, who as the senior officer at the scene of the accident.”
At that time, counsel for the defendant made strenuous objection urging that the other officer, Officer Pruitt, be called. Lengthy argument was heard on the issue of whether a presumption that Officer Pruitt would testify contrary to Officer Bergeron would lie and the court made no ruling at that time.
However, the case was then recessed and did not begin again until May 12, 1970, during which time the defendant put on all of his case.
There is no evidence in the record that defendant attempted to get the testimony of Officer Pruitt or make him available in the interim. We find that the passage of time made Officer Pruitt equally available to the defendant. Therefore, the presumption that Officer Pruitt would testify contrary to Officer Bergeron would not lie. See Labauve v. Firemans Fund American Insurance Co., 228 So.2d 534 (1st Cir. La. App.1969); Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (3rd Cir. La.App.1967); Price v. Lanoue, 190 So.2d 478 (1st Cir. La.App.1966); and Fontana v. State Farm Mutual Automobile Insurance Co., 173 So.2d 284 (3rd Cir. La.App.1965).
The final argument of the appellant is to the effect that defendant, Mrs. Henry, was not on a community mission at the time of the accident.
The record indicates that she was driving the automobile for the purpose of going to New Orleans to take her nieces to that city.
Defendant-appellant contends that that trip was not associated with the community nor could the community benefit from the mission. The rule in determining the husband’s liability has been clearly stated in Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960) when the Supreme Court stated,
“It is clear that since there is no right to proceed against the husband merely because of his relationship as such to the tortfeasor, a petition in a suit against a husband devoid of an allegation that his wife was on a mission for the community at the time of the alleged tort has stated no cause of action against him. The very basis of liability in such cases for a tort committed in the husband’s absence by the wife while using an automobile belonging to the community is agency; hence his permission, actual or implied, for the use of the car by the wife and that she was engaged in the service of her husband or in activity for the benefit of the community are necessary elements * *
“We think that once the plaintiff has stated a cause of action and established that the accident occurred through the negligence of the wife in her use of the community car, which she was operating with the permission and consent (actual or implied) of the husband, since the husband had peculiar knowledge of facts *381 which would relieve him of liability it then devolves upon him should he seek to avoid responsibility to show, to the satisfaction of the court, that the wife was on a mission of her own.”
It should be observed here that there is no testimony whatever on the part of Mr. Henry.
The Supreme Court of this state has observed in Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950):
“We are unable to make the distinction between the purpose of the mission of the wife as was made in Adams v. Gol-son as long as she is using the automobile belonging to the community with the express or implied consent of the husband. The wife is entitled to her own recreation, enjoyment and pleasures as well as the husband and the community owes her those things in the same manner as it owes her the food or clothes she requires.”
We, therefore, see no reason to overturn the trial court’s finding of fact, “Finally the court rejects defendant’s arguments that her husband cannot be held liable for his wife’s negligence since the accident, according to defendant, did not occur as a result of a community mission. The court is of the opinion that defendant, Katie T. Henry, was on a community mission when the accident occurred. She was returning from New Orleans where she had taken her niece to catch the train. Her use of the car was with the consent of her husband.”
Plaintiff-appellee, in answering the defendant, asks for an increase in quantum for permanent injuries.
The trial court found that the plaintiff was totally disabled for a period of four months and partially disabled for a period thereafter which the record indicates was an additional month.
A review of the testimony of the plaintiff and the medical evidence does not disclose that the lower court abused its discretion in awarding the sum of money that it awarded.
Therefore, for the above and foregoing reasons, the judgment of the lower court is affirmed, all costs of this appeal to be paid by defendant-appellant.
Judgment affirmed.