344 So.2d 406 (1977)
Terry TANDY et ux.
v.
Emile SIMONEAUX and Shirley Simoneaux, et al.
No. 11206.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
*407 Steven Joffrion, Joffrion & Dugas, Donaldsonville, for plaintiffs and appellees.
David W. Robinson and B. L. Guelfo, Watson, Blanche, Wilson & Posner, Baton Rouge, E. Robert Sternfels, Triche & Sternfels, Napoleonville, for defendants and appellants.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a suit for personal injuries as a result of an automobile accident. The trial court rendered judgment in favor of plaintiffs, Terry and Sue Tandy, and against defendants, Emile Simoneaux and his wife, Shirley.
Defendants claim the trial court committed manifest error in holding that Mrs. Simoneaux was driving at the time of the accident, and in finding that she was on a community mission.
We reverse in part and affirm in part.
Mrs. Simoneaux and Pfister met at a bar on the afternoon of the accident. After having a couple of drinks, they decided to retire to the house of a friend for the expressed purpose of engaging in prostitution. On the way, the car owned by Simoneaux and occupied by Mrs. Simoneaux and Pfister ran a stop sign and hit the Tandy vehicle broadside. The latter overturned and trapped Mrs. Tandy's hand underneath, causing severe injury: three operations were required; the residual disability of the hand was rated at 40 percent.
We find no manifest error in the holding that Mrs. Simoneaux was driving when the accident occurred. Pfister testified that she was driving; Mr. Donald Bergeron, owner of a barber shop across the street from the restaurant-bar where Mrs. Simoneaux and Pfister met, testified that Mrs. Simoneaux was driving when they left the bar. Mr. Tom Mistretta, the owner of the restaurant-bar, testified that he saw Mrs. Simoneaux behind the steering wheel before they drove off.
Mrs. Simoneaux testified she was not driving. Mrs. Tandy had told her husband shortly after the accident she thought Mr. Pfister was driving. When asked about it at trial, she said she merely assumed he was driving since her husband usually drives when they are together.
The reasonable evaluation of credibility on the part of the trier of fact will not be disturbed. Canter v. Koehring, La., 283 So.2d 716 (1973).
The husband is not liable for the torts of the wife simply because of the marital relationship. Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950); Bradford v. Brown, 199 So.2d 414 (La.App. 1st Cir. 1967). He is liable as head and master of the community for her torts only if she was expressly or impliedly authorized by the husband and was attending to a community mission or affair. Bradford v. Brown, supra; Kipp v. Hurdle, 307 So.2d 125 (La.App. 1st Cir. 1974), writs denied, 310 So.2d 643 (La.1975).
*408 If it be shown that the accident occurred through the negligence of the wife in the use of the car, operated with the actual or implied consent of the husband, the husband, to avoid liability, must show, to the satisfaction of the court, that the wife was on a mission of her own. Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960).
We hold that Mrs. Simoneaux had the implied permission of her husband to operate the vehicle. He testified he was aware that her driver's license had been revoked, but nevertheless left a set of keys so that she could use the car, so long as someone else drove. By entrusting her with a set of keys, we believe Mr. Simoneaux gave implied permission to his wife to drive the car.
The trial judge concluded Mrs. Simoneaux was on a community mission, evidently finding that the defendants had not met the burden of proof in showing that Mrs. Simoneaux was on a mission of her own. We disagree.
Mrs. Simoneaux and Mr. Pfister both testified without contradiction that they were en route to a friend's house to engage in prostitution when the accident occurred. This activity does not meet the requirements set out in Brantley v. Clarkson, supra, wherein the court said: "the legitimate pursuits of the wife, whether for wholesale recreation and pleasure or for other purposes consonant with the intangible and imponderable obligations of the marital relationship should be considered as within the scope of the community activities." (Emphasis ours)
There was no proof that Mr. Simoneaux was aware of his wife's illicit activities. There was no testimony that any compensation for such activity became community property.
Plaintiffs have urged alternatively that Mr. Simoneaux was guilty of primary negligence. While it is conceded that Mr. Simoneaux left the car keys in the control of his wife, we do not believe this constituted actionable negligence. Plaintiffs have cited no statutes or jurisprudence in support of this contention and we have found none.
For the above reasons, the judgment is reversed as to Emile Simoneaux. The judgment in favor of Terry Tandy and against Shirley Simoneaux for $2,761.63 and in favor of Sue Tandy and against Shirley Simoneaux for $18,000.00 is affirmed. All costs are cast against Shirley Simoneaux.
AFFIRMED IN PART AND REVERSED IN PART.