WICKER, Judge.
This is a suit for personal injuries resulting from an automobile accident which occurred just beyond the toll booths of the Greater New Orleans Mississippi River Bridge. Named defendants were the drivers of both cars involved,[1] and their husbands.
The district court rendered judgment in favor of plaintiffs, against Isabelle Harris, the driver of the car in which they were guest passengers, and her husband, Willie Harris, who was not present at the time of the accident, and dismissed plaintiffs’ claim against the other defendants. Defendants cast have appealed.
While conceding negligence on the part of the wife, appellants contend: (1) Mr. Harris should not have been found liable; and (2) quantum is excessive.
*328 Relative to appellants’ first contention, our Supreme Court in Martin v. Brown,[2] restated the rules for determining the husband’s liability as follows:
“. . . The very basis of liability in such cases for a tort committed in the husband’s absence by the wife while using an automobile belonging to the community is agency; hence his permission, actual or implied, for the use of the car by the wife and that she was engaged in the service of her husband or in activity for the benefit of the community are necessary elements, . . . ”
In this case plaintiffs, as a basis for their claim that the husband was soli-darily liable with the wife for damage caused, alleged in their petition that the wife was driving an automobile owned in community by Willie and Isabelle Harris and driven by Isabelle Harris. Defendant admits this allegation in their answer. Such an admission adequately establishes a community existed between Isabelle and Willie Harris at the time of the accident.[3]
The petition further alleges that Mrs. Harris was driving on a community mission at the time of the accident. The proof offered at the trial was that Mrs. Harris was returning from the funeral of her sister in Tylertown, Mississippi. Mr. Harris did not testify.
Thus, we have no evidence as to actual permission of the husband for the wife to use the family car. We are of the opinion, however, that the permission is implied from the fact that the defendants have admitted that the car belongs to the community and, as an owner in community of one-half of the community vehicle, we are of the opinion that Mrs. Harris has the implied permission of her husband to use such vehicle for community purposes.
The case of Alpaugh v. Krajcer[4] is in point. In Alpaugh the wife, accompanied by her mother, was going to a funeral parlor where the body of an uncle by marriage was being held. Counsel in that case contend the community had no interest in the funeral of an uncle by marriage of the wife. The court stated:[5]
“We thoroughly disagree with this view. We know of nothing in which a marital community should be more interested than in the assuaging of the griefs and sorrows of the members of the community. Surely it is highly important to the welfare of the community that either the husband or the wife attend the funerals and marriages of the relatives of either, and that they take part in all such affairs, be they occasions of sorrow or of happiness.”[6]
We find, therefore, that the wife had the implied consent of her husband to use the community vehicle, and the parties concede that Mrs. Harris was negligent. Thus, the necessary elements are present in the instant case to hold Mr. and Mrs. Harris liable in solido.
Relative to appellants’ second contention, the trial court awarded plaintiff, Delia Myles Hill, the sum of $830, rendered judgment on behalf of her minor daughter in the amount of $318, and in favor of Hilda L. Edwards in the sum of $2,310.
Appellants impugn the testimony of Dr. Louis Ensenat on the basis of this doctor’s testimony in previous matters, and the fact that most of his practice is limited to whiplash-type injuries. We find no merit in these contentions.
In the matter of Delia Hill, medical expenses amounted to $80 of the $830 *329 award. Mrs. Hill was treated for mildly severe cervical strain and moderately severe lumbosacral strain. Treatment consisted of diathermy for a brief period.
Ulisa Hill, the 4 year old minor, had ecchymosis and tenderness and swelling of the forehead and posterior cervical muscle limitation and spasm. She was discharged after minimal treatment. Her award of $318 (including a $68 medical bill) was likewise minimal.
In the matter of Hilda Edwards, the medical evidence is to the effect that plaintiff sustained moderately severe cervical and lumbosacral strain and was treated three times per week with diathermy to the neck and back and muscle relaxants and analgesics for approximately three months. Of the award of $2,310, $310 is attributable to medical expenses.
It is well established that in the assessment of damages in tort cases, much discretion must be left to the judge or jury.[7] We are satisfied that there is no abuse of discretion here.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

SCHOTT, J., concurring with written reasons.

. By supplemental and amended petition the insurer of one of the vehicles was also made a party defendant.

. 240 La. 674, 124 So.2d 904, 907.

. Employers Liability Assurance Corp. v. Carter, La.App., 227 So.2d 616.

. La.App., 57 So.2d 700.

. Id., at page 702.

. We distinguish the case of Pond v. Campbell, 251 La. 921, 207 So.2d 535, wherein the Supreme Court held a wife was not on a community mission while attending a wedding. In Pond, there was no allegation in any pleadings that Mrs. Campbell was on a community mission and no proof offered to show anything except that she was going to a wedding. It is to be noted that in Alpaugh the funeral was that of a relative and the petition contained the necessary allegations.

. LSA-C.C. Art. 1934(3); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.