SCHOTT, Judge,
concurring.
The distinction between this case and the Supreme Court cases of Pond v. Campbell, 251 La. 921, 207 So.2d 535 (1968) and Martin v. Brown, 240 La. 674, 124 So.2d 904, is in the pleadings. As the majority opinion points out, plaintiffs in the instant case alleged that Isabelle Harris was driving an automobile owned by the community between her and her husband and that she was on a community mission at the time of the accident. In Pond v. Campbell there was no allegation to the effect that Mrs. Campbell was on a community mission at the time of the accident in any pleading in the case, and in Martin v. Brown it was not even alleged that the defendant driver was the wife of the defendant much less that she was engaged in any activity for the benefit of the community.
In Martin v. Brown the court stated: “. . . once the plaintiff has stated a cause of action and established that the accident occurred through the negligence of the wife in her use of the community car, which she was operating with the permission and consent (actual or implied) of the husband, since the husband has peculiar knowledge of facts which would relieve him of liability it then devolves upon him should he seek to avoid responsibility to show, to the satisfaction of the court, that the wife was on a mission of her own.”
Applying this statement of principles to the instant case, plaintiffs stated a cause of action in their pleadings as already discussed, were relieved of proving that Isabelle Harris was using the community car by the admission of defendants in their answer and established that she had her husband’s implied permission and consent since Isabelle was attending a funeral of relatives following the rationale of Alpaugh v. Krajcer, 57 So.2d 700 (La.App.Orl.1952).
The burden of proof was therefore on Willie Harris to avoid responsibility by showing that his wife was on a mission of her own. Since he failed to carry this burden I concur in affirming the judgment against him.