WATSON, Judge.
Plaintiff, Sylvia Anne Downey, brought this suit to recover damages for injuries sustained in an automobile accident at the corner of Madison and Sixth Streets in Alexandria, Louisiana, on July 6, 1973. The trial court rendered judgment in favor of plaintiff Downey and against the defendants, Agnes L. Trahan and United States Fidelity & Guaranty Company, for $65,-261.37, with the judgment against the insurer, U.S.F.&G., limited to its coverage of $10,000.00. Ms. Trahan’s husband, Ovey, was also named as a defendant and, after his death, Mrs. Helen Francis Hastings McDaniel, the executrix, was substituted as defendant, but the trial court denied judgment against the succession.
Both plaintiff and defendants have appealed.
There is ample evidence on the basis of which the trial court could have reasonably concluded that Ms. Trahan’s negligence in entering the intersection while faced with a red stop light was the cause in fact of the accident and that Ms. Downey was free of contributory negligence.
A strong contention is made by defendants-appellants that Ms. Downey’s injuries resulted from a prior accident. The trial court’s reasons for judgment examine-this issue at length. The testimony of Dr. Don Kinard Joffrion, (See TR. 349.); the deposition of Dr. James R. Bruner (See pp. 12 and 13, P-33.) and the testimony of Dr. Gordon L. Hovnatanian (See Tr. 119.) all *52 establish the second accident, in July, that at issue here, as the most likely cause of plaintiff’s damages. The trial court ultimately relied on its assessment of plaintiff’s credibility to find that her injuries resulted from the July accident. This is completely consistent with our review of the evidence.
Sylvia Downey’s major injury was a thoracic outlet syndrome, which was still causing pain at the time of trial in October of 1977, despite two surgical procedures: a transaxillary resection of the right first rib; and a cervical fusion of the C-6 and C-7 vertebrae. Although the injury to the nerves is permanent, Ms. Downey has continued with her work as a legal secretary except during periods of hospitalization and treatment. There is no abuse of discretion in the quantum awarded, which is neither excessive nor inadequate.
The substantial issue presented by the appeal is whether the succession of Ovey Trahan should also have been cast in judgment for Agnes Trahan’s tort.
A prenuptial contract between Agnes Long Corbitt and Ovey Trahan (D-8) renounced the community of acquets and gains; reserved the property of each under separate administration; and provided that neither should be liable for the other’s debts. This marriage contract, dated May 26, 1967, was recorded on June 20, 1967, prior to the parties’ marriage on June 24th of that year.
The trial court concluded that the shopping trip on which Ms. Trahan was embarked when the accident occurred would have been a community errand had there not been a separation of property. Because of the prenuptial marriage contract, the trial court found no liability on the part of the husband.
The only evidence concerning Ms. Tra-han’s shopping trip was her unsworn statement (P-3), which was introduced into evidence without objection. Neither Ms. Trahan nor her husband testified.[1] Compare Gauthier v. Henry, 255 So.2d 378 (La.App. 1 Cir. 1971). Her statement identifies the Buick driven by Ms. Trahan as owned by her individually. On the morning in question, Ms. Trahan told her husband she was going to Alexandria to buy shoes and asked if he would like to accompany her but he declined. Ms. Trahan purchased some shoes at Gus Kaplan’s and was enroute to other stores for general shopping when the accident occurred. The statement implies that the shoes were purchased with Ms. Trahan’s separate funds.
While there is no right to proceed against a husband merely because of his relationship to a tortfeasor wife, the husband, as head of the family, is liable for his wife’s tort if she is acting as agent for him or the community at the time of an accident. Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960). A matrimonial agreement does not affect a husband’s authority as head of the family. LSA-C.C. art. 2327.[2] The absence of a community of acquets and gains between husband and wife does not necessarily prevent vicarious liability, because the basis for such liability is agency and not community property. Hobbs v. Fireman’s Fund Am. Ins. Companies, 339 So.2d 28 (La.App. 3 Cir. 1976), writs denied, 341 So.2d 896 (1977). The kinds of agency or mandate are stated in LSA-C.C. art. 2986, as follows:
“The mandate may take place in five different manners: For the interest of the person granting it alone; for the joint interest of both parties; for the interest of a third person; for the interest of such third person and that of the *53 party granting it, and, finally, for the interest of the mandatary and a third person.”
Even if there is a separation of property, the duties of husband and wife remain as defined in LSA-C.C. art. 119: “The husband and wife owe to each other mutually, fidelity, support and assistance.” Agnes Trahan’s purchase of shoes would ordinarily be considered a necessity covered by the term support. Even after a judgment of separation dissolves the community of ac-quets and gains, a duty of support flows from the marriage relationship. See LSA-C.C. art. 148,[3] and the comment in 11 Louisiana Law Review 401 at page 422.
The distinction between this situation and that involved in such cases as Vail v. Spampinato, 238 La. 259, 115 So.2d 343 (1959), Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950), and Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960) is the effect of the separation of property between the spouses.[4] Vail, Brantley and Martin refer to a “community” or “family” automobile. Professor Stone states in vol. 12 of the “Louisiana Civil Law Treatise: Tort Doctrine”, at page 402, as follows:
“If however the car belonged to the wife as her separate property, no reason would exist for imputing her negligence to her husband unless she was acting as his agent or employee.”
In the instant situation, the evidence does not establish that Ms. Trahan was acting as agent for her husband and her husband is not vicariously liable for her tort.
The issue of prescription of the claim against the succession is pretermitted.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against defendants-appellants.
AFFIRMED.

. In answers to interrogatories, Ms. Trahan stated only that her purpose was “Shopping.” and “Personal shopping.” (TR. 66).

. LSA-C.C. art. 2327: “Restrictions on authority of husband or wife prohibited”
“Neither can husband and wife derogate by their matrimonial agreement from the rights resulting from the power of the husband over the person of his wife and children, or which belong to the husband as the head of the family, nor from the rights granted to the surviving husband or wife by the title: Of Father and Child, and by the title: Of Minors, of their Tutorship and Emancipation, or from the prohibitory dispositions of this Code.”

. LSA-C.C. art. 148: “Wife’s alimony pendente lite”
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”

. Compare Tandy v. Simoneaux, 344 So.2d 406 (La.App. 1 Cir. 1977), where the wife’s purpose was prostitution.