_|jSHORTESS, Judge.
Feddrick Thomas, Jr. (plaintiff) sued Inez E. Champagne (Mrs. Champagne) and State Farm Mutual Automobile Insurance Company (State Farm) for damages arising out of an automobile accident on June 6, 1991. Mrs. Champagne and her husband, August *1152 Champagne (Mr. Champagne), were en route to a district business meeting in Lafayette for Lawson Products, Inc. (Lawson), which employed Mr. Champagne as a salesman.[1] Mrs. Champagne had volunteered to drive while her husband assembled his notes for the meeting the following day. Mrs. Champagne was accompanying her husband to join him for dinner with other salespersons and their spouses, but was not attending or participating in the business meeting. Mr.
Champagne stated that about four miles after entering Highway 90, plaintiff, a state trooper, put on his blue flashing lights and came to a “controlled stop but an unexpected stop” in front of a tree branch which partially obstructed the roadway. Unable to stop in time, Mrs. Champagne struck plaintiffs vehicle from behind.
State Farm, Mrs. Champagne’s insurer, deposited its policy limits in the registry of the court. Plaintiff thereafter dismissed State Farm and the Champagnes from the suit, reserving rights against Lawson.[2] On the same day these defendants were dismissed, plaintiff amended his petition to add Lawson as a defendant based on a theory of respondeat superior. Lawson filed a motion for summary judgment, arguing there was no legal basis on which it could be held responsible. The trial court granted the motion.
| sPIamtiff does not contend, nor do any facts suggest, that the accident was caused in any way by the negligence of Mr. Champagne. Thus, Lawson cannot be held hable for Mrs. Champagne’s negligence unless her negligence can be imputed to Mr. Champagne, and thereafter to Lawson. Unless one can be held responsible as a matter of law for the torts of a person whose negligence is sought to be charged to him, the doctrine of imputed negligence cannot be applied. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
The depositions and affidavits show there was no direct relationship between Lawson and Mrs. Champagne. She was not a Lawson agent or employee. Furthermore, Mr. Champagne had no authority to appoint an agent on Lawson’s behalf for any reason. Plaintiff does not contest these facts. Rather, he argues Mrs. Champagne’s negligence may be imputed to Mr. Champagne under a “community mission,” or, alternatively, a “joint venture or mission” theory.[3] Plaintiff seeks to have Mrs. Champagne’s negligence imputed to her husband, then seeks to hold Lawson responsible under the respondeat superior theory that, an employer is liable for the torts of its employee while acting in the course and scope of his employment.
Plaintiff concedes that the fault of one spouse cannot be imputed to the other merely because of the marital relationship. Lems v. Till, 395 So.2d 737 (La.1981). However, plaintiff suggests Mr. Champagne is hable as head and master of the community for his wife’s torts if she was expressly or impliedly authorized by her husband and was attending to a community mission or affair. In support of this proposition, plaintiff cites Tandy v. Simoneaux, 344 So.2d 406 (La.App. 1st Cir.1977), and Aisole v. Dean," 560 So.2d 647 (La.App. |44th Cir.1990), rev’d in part on other grounds, 574 So.2d 1248 (La.1991). While we agree that Tandy states this proposition, we decline to follow it because it is a pre-Till case and because the head-and-master regime was found to be unconstitutional in 1979[4] and was legislatively repealed in 1980.[5] The Aisole case deals with whether an obligation is a community or separate obligation and expressly recognizes that fault is not imputed merely because of the marital relationship. Aisole, 560 So.2d at 652. While Aisole may suggest that if the Cham *1153 pagnes were on a community mission, plaintiff’s damages might be a community obligation, it does not suggest Mrs. Champagne’s fault can be imputed to Mr. Champagne.
Plaintiff also argues that when the passenger is the owner of the vehicle and the driver is on a mission for the owner, the passenger may be held liable.
To constitute a joint venture in the operation of a vehicle, there must be a joint interest in the object and purpose of the mission and an equal right, express or implied, on the part of each of the parties to direct or control the conduct of the other in the operation of the vehicle. Barnett v. Globe Indem. Co., 557 So.2d 300 (La.App. 4th Cir.1990). The existence of a joint venture is a question of fact. Cajun Electric Power Co-Op., Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.), unit denied, 458 So.2d 123 (La.1984).
The trial court found from the deposition testimony that “there can be no conclusion But that Mr. Champagne exercised no control over the manner in which his wife operated the vehicle. Therefore, the Court must conclude that there is no basis for imposing liability to Mr. Champagne through the joint venture theory.” We agree. Mrs. Champagne voluntarily | ¡¡assumed the role as driver and neither Mr. nor Mrs. Champagne claimed Mr. Champagne ever had any control over her actions. Furthermore, plaintiff cites no facts to support his contention that Mrs. Champagne was on a mission for Mr. Champagne. Therefore, this argument has no merit.
The sole purpose of the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Industrial Sand & Abrasives, Inc. v. Louisville & Nashville R.R. Co., 427 So.2d 1152 (La.1983); Layne v. Mandeville, 633 So.2d 608, 612 (La.App. 1st Cir.1993), writ denied, 635 So.2d 234 (La.1994). The party moving for summary judgment must clearly prove the absence of a genuine issue of material fact. Any doubt is resolved against summary judgment and in favor of a trial on the merits. Medine v. Johnson, 600 So.2d 1373 (La.App. 1st Cir.1992); Roger v. Dufrene, 553 So.2d 1106, 1108 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1358 (La.1990). Summary judgment cannot be granted once the judge detects the existence of a disputed material fact. A fact is material:
if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect the litigants’ ultimate success or determine the outcome of a legal dispute.
Soderquist v. Kramer, 595 So.2d 825, 828 (La.App.2d Cir.1992), quoting from Swindle v. Haughton Wood Co., 458 So.2d 992 (La.App.2d Cir.1984).
We agree with the trial court that there is no legal basis for imposing Mrs. Champagne’s negligence upon her husband. Lawson has shown that no material issues of fact exist in this case and that it is entitled to summary judgment as a matter of law. Therefore, the judgment of the trial court is affirmed at plaintiffs costs.
AFFIRMED.

. Lawson initially argued that August Champagne was an independent sales contractor rather than a Lawson employee. However, on appeal, Lawson has conceded August Champagne was its employee’.

. Although the order of dismissal includes Mr. Champagne, he was never actually a defendant in the suit.

. The trial court stated that in brief in opposition to the motion for summary judgment plaintiff relied on a "community mission” theory to impute liability, but argued a "joint venture” theory at oral argument. We will address both theories.

. Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir. 1979).

. La. Acts 1979, No. 709, § 6, effective January 1, 1980.